2002 ME 141

**Russell SYLVESTER**

v.

**Evelyn VITAGLIANO.**

**No. Yor–01–510.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 27, 2002.

Decided: Aug. 21, 2002.

Patrick S. Bedard, Esq., Eliot, for plaintiff.

Evelyn Vitagliano, Eliot, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Russell Sylvester appeals from the judgment of the District Court (York, *Wheeler, J.*) adopting the child support order of the Case Management Officer (CMO) (*Stavros*) that Sylvester's former wife, Evelyn Vitagliano, pay to him twenty dollars per week in support of their twin sons. Sylvester contends that the court erred in reviewing the CMO's order for abuse of discretion and that the CMO erred in both refusing to impute additional income to Vitagliano and in deviating downward from the child support guidelines in determining the amount of child support. We affirm the judgment.

I. FACTS AND PROCEDURE

[¶ 2] The parties were divorced in May 1994 and, by agreement, the court (*Cote, J.*) ordered shared parental rights and responsibilities for their twin sons and granted primary physical residence of them to Sylvester. Vitagliano was not ordered to pay child support to Sylvester. Five years later Sylvester filed a motion to modify the divorce judgment as to child support. After a case management conference and unsuccessful mediation, the CMO held a hearing at which Vitagliano and Sylvester testified.[1]

[¶ 3] The CMO issued a child support order requiring Vitagliano to pay child support but deviating downward from the guidelines amount of $59.50 to $20.00 per week. Sylvester filed an objection to this order, *see* M.R. Fam. Div. III(G)(2), arguing primarily that the CMO erred in refusing to impute full-time wages to Vitagliano and in deviating from the guidelines despite the financial resources of Vitagliano's husband. The District Court (*Wheeler, J.*) recommitted the matter to the CMO with instructions to consider whether full-time wages should have been imputed and, if so, whether the imputation would alter the support calculations; in all other respects the court denied the objection. *See* M.R. Fam. Div. III(G)(2)(b).

[¶ 4] The CMO thereafter issued additional findings and conclusions which included an explanation of why she had decided not to impute full-time wages to Vitagliano. Sylvester again filed an objection, relying on the same arguments he had made earlier. The court rejected the objection, stating that the CMO had not made any clearly erroneous factual findings and had not abused her discretion with respect to any aspects of the decision.[2] Sylvester then appealed to this Court.

II. DISCUSSION

[¶ 5] The primary issue we address is whether the District Court abused its discretion in acting as an appellate court in reviewing the child support order entered by the CMO. Sylvester contends that upon his objection to the CMO's order, the District Court should have reviewed the matter de novo. He does not argue that a new hearing before the court was re-

---

1. The statutory authority for family case management officers is 4 M.R.S.A. § 183(1) (Supp.2001).

2. Although the court did not expressly state that it was adopting the CMO's order, we interpret the court's rejection of the objection as an adoption of the order.

quired, but he maintains that the court should have reviewed the record of the CMO hearing without according any deference to the CMO's findings or conclusions.

[¶ 6] Sylvester bases his argument on a rule change made two years ago. Rule III(G)(2) had previously confined the District Court to an appellate review of a CMO's order when an objection was made, but that limitation was deleted when the rule was amended. M.R. Fam. Div. III(G)(2)(b) 2000 amend., Me. Rptr., 746–54 A.2d LXXXI. Rule III(G)(2) now provides that the court shall review the record before the CMO and may adopt, modify, or reject the CMO order, set the matter for a new hearing, or recommit it to the CMO.[3]

[¶ 7] The present rule is similar to the rule regarding the procedure in the trial court when an objection is made to a referee's report. M.R. Civ. P. 53(e)(2). When there is an objection to a referee's report the court is required to adopt the referee's findings of fact unless clearly erroneous. *Id.* The court may, after hearing, adopt, modify, or reject the referee's report; it can also receive further evidence or "recommit the matter with instructions to the referee." *Id.* The major difference between the two rules is the explicit requirement in Rule 53 that the court adopt the referee's findings unless clearly erroneous.[4] The lack of such language in Rule III(G)(2), however, does not mean that the District Court is prohibited from adopting the CMO's findings when those findings are not clearly erroneous.

[¶ 8] The amendment to Rule III(G)(2) does not deprive the court of the authority to review a CMO's order in the manner of an appellate court; the amendment gives the court the ability to do more when the case warrants. By authorizing the District Court to "review the record" and "adopt, modify or reject the order," the rule grants the court the power to defer to the CMO's findings and conclusions in the appropriate case. The present rule gives the District Court a wide range of options, everything from rejecting the CMO's order entirely and beginning again with a new hearing to reviewing the order for abuse of discretion; the rule does not limit the court, acting upon an objection, to any particular type of action. We conclude that in this case the District Court appropriately reviewed the CMO's findings and order for clear error and abuse of discretion.

[¶ 9] Because the District Court properly acted in an appellate capacity, we review directly the order of the CMO. When an appeal is taken from a judgment adopting or modifying a referee's report, we review directly the decision of the referee. *Hennessy v. Fairley*, 2002 ME 76, ¶ 18, 796 A.2d 41, 47; *Paine v. Spottiswoode*, 612 A.2d 235, 238 (Me.1992). It has long been our practice, when we review decisions of a court or agency that has acted as an intermediate appellate court or tribunal, to review the operative court or agency's decision instead of the

3. Rule III(G)(2) states, in pertinent part:
   A party may file an objection in the District Court to a CMO's final order within 15 days from the entry of that order....
   . . . .
   b. When an objection is filed, a judge shall review the record established before the CMO with or without a hearing and may adopt, modify or reject the order, may set the matter for further hearing before a judge or CMO or recommit it with instructions.

4. A minor difference between the two rules is the Rule 53(e)(2) requirement of a hearing before any action on an objection and the language in Rule III(G)(2) allowing the court to act without a hearing.

appellate decision.[5]  Thus, when an appeal is taken from a District Court judgment adopting a CMO's order following an objection to that order, we review the CMO's order directly.

[¶ 10] The standard of review for child support orders issued by the District Court is abuse of discretion, *Harvey v. Robinson*, 665 A.2d 215, 217 (Me.1995), and we employ that same standard of review when reviewing the CMO's order. Furthermore, we review the CMO's factual findings for clear error. *See Paine*, 612 A.2d at 238.  Having examined the record before the CMO, we are satisfied that the CMO did not clearly err in her factual findings nor abuse her discretion in issuing the child support order.

The entry is:

Judgment affirmed.

---

**5.**  For example, when there is an appeal from a Superior Court judgment reviewing a District Court matter, we review the District Court decision.  *Williams v. Williams*, 444 A.2d 977, 978–79 (Me.1982).  When there is an appeal from a Superior Court review of an administrative decision, we review the municipal or agency's decision, *Griffin v. Town of Dedham*, 2002 ME 105, ¶ 6, 799 A.2d 1239, 1241–42; *Green v. Comm'r, Dep't of Mental Health, Mental Retardation & Substance Abuse Servs.*, 2001 ME 86, ¶ 9, 776 A.2d 612, 615.