2005 ME 124

**Lisa TWOMEY**

v.

**David TWOMEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 24, 2005.

Decided: Dec. 21, 2005.

Lisa Twomey, South Portland, for plaintiff.

Jed J. French, Evan Smith, Powers & French, P.A., Freeport, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and SILVER, JJ.

DANA, J.

[¶ 1] David Twomey appeals from a judgment entered in the District Court (Portland, *Powers, J.*), adopting the decision of the Case Management Officer (*Klaila, CMO*), denying his motion to modify his child support obligation. David argues that the CMO acted outside her discretion in (1) denying David's request for a continuance to proceed to mediation and discovery; and (2) failing to reduce his child support payment based on changed circumstances. We affirm the judgment.

## I. BACKGROUND

[¶ 2] David and Lisa Twomey were divorced on May 9, 2000. They have a daughter, who is now ten years old. The judgment of divorce incorporates an agreement in which David agreed to pay child support in the amount of $2000 per month for the first three months, then $1200 per month thereafter. His income at the time was $60,000 per year. According to the child support worksheet, the guideline amount of child support would have been $490 per month. The parties' divorce agreement states:

> The parties have agreed to a child support payment which represents an upward deviation from the Guidelines, taking into consideration, the parties' ... desire for the care and maintenance of their daughter, ... [t]he comparative incomes of both parties ... [and t]he allocation of responsibilities as between the parties for the costs of health insurance and non-covered ... health expenses.

The court (*Goranites, J.*) approved the deviation.

[¶ 3] In February 2004, David filed a motion to modify child support downward to the guideline amount. He simultaneously reduced his child support payment to $600 per month. At a hearing on his motion, David testified that he agreed to pay the higher amount because he was starting a new business and anticipated earning between $120,000 and $250,000 per year from that business. He also testified that it had been his desire to avoid a protracted court battle so that he could keep on good terms with Lisa and maintain contact with his daughter. From 2001 to 2003, David drew a salary from his business in the amount of $64,000. His business, however, did not succeed, and David closed it in August of 2004. He incurred significant business debt, and there were lawsuits pending against David and his company.

[¶ 4] In May of 2004, David took a salaried, full-time job where he earns $58,500 per year. He has remarried, and he and his new wife share living expenses equally.

[¶ 5] Lisa is a full-time student. She anticipates fulfilling the requirements to become a teacher by the spring of 2006. She testified that David agreed to pay the higher amount of child support so that their daughter could stay in the marital home, and Lisa could be available to care for her. Lisa has also incurred substantial debt so that she could attend college, and she has borrowed against her home equity to build an in-law apartment for extra

income. She testified that if child support is reduced, she would have to quit school and would have little hope of obtaining suitable employment to support her daughter.

[¶ 6] The CMO denied the motion to modify, except for a two-month temporary abatement of half the payment. David filed an objection to the order, which was denied. David filed this appeal.

## II. DISCUSSION

### A. Request for Continuance for Referral to Mediation

[¶ 7] David retained counsel one week prior to the scheduled hearing on his motion. The day after counsel entered his appearance, David filed a motion for a continuance in order to conduct discovery [1] and proceed to mediation. The CMO denied the motion on the ground that "Defendant has unilaterally reduced his support obligation & is not complying with current court-ordered obligation. Expedited hearing was set at parties' request." Earlier, in the case management order, the CMO indicated that the final hearing should be held "ASAP."

[¶ 8] David orally renewed his request for a continuance on the date of the hearing, but the CMO allowed the case to proceed. David now contends it was error to allow the case to go to a final hearing without a referral to mediation.

[¶ 9] When an appeal is taken from a District Court judgment adopting a CMO's order, we review the CMO's order directly. *Sylvester v. Vitagliano*, 2002 ME 141, ¶ 9, 804 A.2d 391, 393–94. "A party seeking a continuance has the burden of showing sufficient grounds for granting the motion, and the ruling of the presiding justice is reviewable only for abuse of discretion." *Provenzano v. Deloge*, 2000 ME 149, ¶ 11, 755 A.2d 549, 551 (quotation marks omitted).

[¶ 10] Title 19–A M.R.S.A. § 251(2) (1998) provides that all contested domestic relations matters involving minor children, including a post-judgment request for modification, be referred to mediation, and allows for a waiver of mediation only under certain circumstances. *See also* Levy, *Maine Family Law: Divorce, Separation and Annulment* § 5.2 at 181 (2000 ed. 1999). The statute specifically provides:

> **2. Required Mediation.** Except as provided in paragraph B, prior to a contested hearing under chapter 27, chapter 29, chapter 55 or chapter 63 [governing child support, including modification] when there are minor children of the parties, the court shall refer the parties to mediation.
>
> . . . .
>
> **B.** Upon motion supported by affidavit, the court may, for extraordinary cause shown, waive the mediation requirement under this subsection.

19–A M.R.S.A. § 251(2) (footnotes omitted).

[¶ 11] By not referring this case to mediation, the CMO did not follow the letter of section 251. Under the specific circumstances of this case, however, the denial of the motion for a continuance to proceed to mediation did not exceed the bounds of the CMO's discretion. The parties had requested an expedited hearing at the case

---

1. The denial of the request for a continuance in order to conduct discovery one week before a scheduled hearing falls within the CMO's discretion. *See Frazier v. BankAmerica Int'l,* 593 A.2d 661, 663 (Me.1991). We focus our analysis on whether it was outside the CMO's discretion to deny the continuance on the ground that the case should have been referred to mediation.

management conference. David filed the motion for a continuance one week before the scheduled hearing. Lisa, who was not represented by counsel, filed a written response to the motion, in which she alleged that David had unilaterally reduced his child support payments, then threatened to "drag this out as long as he c[ould]" if she did not agree to a reduction in child support. The CMO appears to have considered Lisa's signed response to be the equivalent of an affidavit. *See* M.R. Civ. P. 11 ("The signature of an attorney or party constitutes a representation by the signer that the signer has read the pleading or motion; that to the best of the signer's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."). The CMO implicitly found the "extraordinary cause" necessary to waive the mediation requirement.

## B. Change in Circumstances

[¶ 12] We review child support orders issued by the District Court for a sustainable exercise of discretion, and employ that same standard of review when reviewing a CMO's order. *Sylvester*, 2002 ME 141, ¶ 10, 804 A.2d at 394.

[¶ 13] A party seeking to decrease the amount of child support in an existing support order pursuant to 19–A M.R.S.A. § 2009 (1998 & Supp.2005) must prove by a preponderance of the evidence that the decrease is necessitated by a substantial change in circumstances that either reduces the payor spouse's ability to contribute to the support of the minor child or reduces the payee spouse's need to receive support. *Finn v. Finn*, 534 A.2d 966, 968 (Me.1987); Levy, *Maine Family Law: Divorce, Separation and Annulment* § 6.6.3 at 235.

[¶ 14] David contends that the record evidence compels a finding that a substantial change in circumstances has reduced his ability to pay. The record establishes, he argues, that since he entered into the settlement agreement, his business has failed; he is now earning less than he was at the time the parties entered into the agreement; he is personally indebted to a variety of credit companies, the IRS, and his new family; and he is a defendant in lawsuits stemming from his failed business venture.

[¶ 15] The CMO found that David did not demonstrate a substantial change in circumstances because his income, $58,500, is substantially the same as it was at the time of the divorce. With respect to the debt load, the CMO stated, "With the exception of his tax obligations, most or all of the debt is probably dischargeable in bankruptcy, an option that David is considering." The CMO noted that his "monthly credit card debt payments . . . equal his child support obligation. He should eliminate those payments before he cuts back on his daughter's support." The CMO also found that once Lisa finishes college and enters the work force, child support should be reviewed.

[¶ 16] David contends it was error to force him to resort to bankruptcy in order to make his child support payments. He argues that child support is not intended to bankrupt the payor spouse.

[¶ 17] Contrary to David's argument, the CMO found that it was not the child support payments that pushed him to consider bankruptcy, but his debts. The CMO determined that it would be better if David discharged the debts and continued paying the child support, at least until Lisa finishes her education. It was within the CMO's discretion to deny the motion to modify child support in these circumstances.[2]

The entry is:

Judgment affirmed.

2. David makes two additional arguments: (1) 19–A M.R.S.A. § 2009(3) (1998) mandates that his child support obligation be reduced to the guideline amount, and (2) the CMO should have required Lisa to prove that the upward deviation from the guidelines was justified pursuant to the criteria set forth in 19–A M.R.S.A. § 2007(3) (1998 & Supp.2005). These arguments lack merit. Section 2009(3) does not require a reduction to the guideline amount under circumstances outlined therein if the child support amount was initially established, as in this case, pursuant to section 2007. And, while an initial deviation from the guideline amount requires a finding that it is justified according to criteria set forth in section 2007(3), once an amount is established in a court order, the burden of proof on a motion to modify that amount is on the movant to establish changed circumstances.