2006 ME 74

## Deborah A. JABAR

v.

## James A. JABAR.

Supreme Judicial Court of Maine.

Submitted on Briefs: May 12, 2006.

Decided: June 19, 2006.

Judy Potter, Cape Elizabeth, for plaintiff.

Jason M. Jabar, Arnold S. Clark, Jabar, Batten, Ringer & Murphy, Waterville, for defendant.

Panel: CLIFFORD, DANA, CALKINS, LEVY, and SILVER, JJ.

CALKINS, J.

[¶ 1] James A. Jabar appeals from a judgment entered in the District Court (Portland, *Powers, J.*) that denied his post-divorce motion to modify child support for his three children. The father argues that the court erred in finding that he does not provide "substantially equal care" for the children, 19-A M.R.S. § 2001(8-A) (2005), and in finding that there had been no substantial change in circumstances warranting modification of child support. We conclude that the court did not err in its findings, and we affirm the judgment.

## I. BACKGROUND

[¶ 2] James Jabar and Deborah A. Jabar were divorced in 2002. Pursuant to a settlement agreement incorporated into the judgment by the family law magistrate (*Klaila, M.*),[1] the parties agreed to share parental rights and responsibilities, with the mother to have primary residence of the parties' children, then ages ten, nine, and five. A schedule was arranged whereby the father would have the children Wednesday and Thursday nights every week and Wednesday night through Sunday at 6:00 P.M. every other week. If the children had Wednesday off from school, the father would have them beginning at 8:30 A.M. For holidays, special occasions, and school vacations, contact was divided approximately equally, with schedules alternating every other year.

[¶ 3] The agreement required the father to pay $109 per week in child support, which "shall increase as each child reaches age 12, as calculated by presumptive application of Maine's Child Support Guidelines and set forth in appropriate court orders." The child support worksheet was calculated based on the father's income of $26,000 and the mother's income of $24,500. Based on worksheets prepared as part of the judgment, the court ordered the child support to increase to $119 when the oldest child turned twelve and to $129 when both of the two older children were over twelve. The agreement explicitly permitted modification based on changes in income if a net variation of fifteen percent would result.

[¶ 4] The agreement also provided that extracurricular expenses were to be shared equally, with consultation between the parents before incurring any shared expense. The father was responsible for maintaining comprehensive medical and dental coverage on each child, with the parties paying additional health-related expenses proportionate with their incomes. The parties were required to share the income tax exemptions for the children by alternating annually between claiming one and two of the children, then each claiming

---

1. As of September 17, 2005, case management officers ceased to exist and became family law magistrates. *See* P.L. 2005, ch. 384 (effective September 17, 2005). Consequently, we employ the title "family law magistrate" in this opinion.

one child when the parties could no longer claim the oldest child, then alternating annually in claiming the youngest child.

[¶ 5] In March 2004, the father moved to modify child support. He argued that he should no longer be required to pay child support because the parties furnished equal care for the children and that the mother was earning more money than at the time of the divorce, and he was earning less.

[¶ 6] The court held a hearing on the father's motion to modify, as well as other pending motions filed by the mother. Acknowledging the high level of acrimony between the parties, the court entered a judgment that specified a slightly altered, and more detailed, schedule of contact. The court ordered that the father's every-other-weekend contact be extended to Monday at 8:30 A.M. during the children's summer vacation, his Wednesday contact begin at 8:30 A.M. if the children are not in school, and each party's Friday contact begin at 8:30 A.M. if the children are not in school. Other than the specified holidays, the court ordered that the schedule of contact remain the same on holidays, snow days, and teacher workshop days. The court ordered that, when the mother has the children for Thanksgiving, the visits will run from 6:00 P.M. on Wednesday through 6:00 P.M. on Thursday, if the weekend following is the father's weekend with the children. February and April school vacations were ordered to run from 8:30 A.M. Saturday through 8:30 A.M. the following Saturday.

[¶ 7] The court did not modify child support. It concluded that the father failed to demonstrate a substantial change in circumstances based on the child support guidelines because the parties' incomes had not changed sufficiently for the court to find a fifteen percent variation.

[¶ 8] The court also found that the father failed to establish the special circumstance of the parties providing "substantially equal care," as defined in 19–A M.R.S. § 2001(8–A). *See* 19–A M.R.S. § 2006(5)(D–1) (2005) (listing as a special circumstance the parents' provision of substantially equal care for a child). Based on the trial evidence, the court found as follows:

[The mother] is still the primary residential parent under the 2002 decree and now under the revised contact schedule ordered above. [The father's] contact has increased, in terms of time, one night per week for about ten weeks of summer vacation. While both parents have similar child-related expenses, the children are with [the mother] more than [the father] (approximately 55% to 45%) under the new and old contact schedules. [The mother] is somewhat more involved than [the father] regarding the children's school issues, including setting up tutoring and making payment for and attending extracurricular activities as well. [The mother] has worked two or three jobs recently to support the children, and [the father] has had a live-in partner since January 2003 who is sharing his regular household expenses with him. "Substantially equal" under [19–A M.R.S.] § 2001(8–A) has a quantitative aspect but is overall a qualitative concept regarding parental care of children. While [the father] has significant input into the care of the three children, he has not shown a change in circumstances since the 2002 decree to bring this situation within the "substantially equal" definition. The court does not find this arrangement to be substantially equal care requiring a different determination of child support.

[¶ 9] Pursuant to M.R. Civ. P. 52(b), the father moved for additional findings of fact related to his rights of contact. He also moved to alter or amend the judgment pursuant to M.R. Civ. P. 59(e), arguing

that the court should recalculate the amount of child support because the parties provide substantially equally care for the children.

[¶ 10] The court denied the Rule 59(e) motion. It refused to apply the "substantially equal care" statute, codified after the divorce judgment was entered, because at the time of the divorce, the court was entitled to deviate from the guidelines on a similar basis and the parties consented to a judgment that did not deviate. The court concluded that the father failed to establish a change since that time that would show the parties were now providing substantially equal care.

[¶ 11] In its additional findings, the court clarified that the schedule of contact

means contact with [the father] four overnights in week one and two overnights in week two, with the schedule rotating through the school year; five overnights in week one and two overnights in week two, with the schedule rotating during the approximate ten-week summer vacation; and substantially equal contact on other vacations and holidays. This results in an appropriate time-based sharing of contact of 55% with [the mother] and 45% with [the father] . . . .

[¶ 12] The father appeals from the judgment as clarified by the additional findings.

## II. DISCUSSION

[¶ 13] A party moving to decrease the amount of child support pursuant to 19–A M.R.S. § 2009 (2005) "must prove by a preponderance of the evidence that the decrease is necessitated by a substantial change in circumstances that either reduces the payor spouse's ability to contribute to the support of the minor child or reduces the payee spouse's need to receive support." *Twomey v. Twomey*, 2005 ME 124, ¶ 13, 888 A.2d 272, 275. We review the factual finding regarding whether there was a substantial change in circumstances for clear error. *See Wrenn v. Lewis*, 2003 ME 29, ¶ 13, 818 A.2d 1005, 1009.

[¶ 14] The child support guidelines provide that, when a fifteen percent variation would result between the amount in the child support order and the amount calculated with the current income and application of the guidelines, there is a substantial change in circumstances. 19–A M.R.S. § 2009(3). In the present case, as the court found, the parties' incomes had not changed sufficiently to result in a fifteen percent variation from the amount of child support ordered in the original divorce judgment based on the standard child support guidelines. *See* 19–A M.R.S. §§ 2006(1), (3), (4), 2009(3) (2005). The father contends, however, that he is entitled to a modification due to the enactment of new guidelines that apply in the special circumstance where parents provide substantially equal care for a child. *See* 19–A M.R.S. §§ 2001(3–A), (8–A), 2006(4), (5)(D–1) (2005). He argues that the court should have found that he provided substantially equal care for the parties' children because the children spend roughly the same quantity of time with him as with the mother, he is actively participating in their education, and he has equal rights and responsibilities for meeting the children's recreational and health care needs.

[¶ 15] The Legislature enacted new statutory guidelines after the parties' 2002 divorce. *See* P.L. 2003, ch. 415, § 10 (effective Sept. 13, 2003); L.D. 234 (121st Legis. 2003). The new guidelines mandate an alternative method of calculating child support in the special circumstance where the parties provide substantially equal care for a child:

**D–1.** When the parties do not have equal annual gross incomes but provide substantially equal care for each child

for whom support is being determined, the presumptive parental support obligation must be determined as follows.

(1) The enhanced support entitlement[2] for each child must be determined.

(2) Using the enhanced support entitlement, a parental support obligation for each child must be determined by dividing the total enhanced support obligation between the parties in proportion to their respective gross incomes.

(3) The party with the higher annual gross income has a presumptive obligation to pay the other party the lower of:

(a) The difference between their parental support obligations as calculated in subparagraph (2); and

(b) The presumptive parental support obligation determined for the payor party using the basic support entitlement under the support guidelines as though the other party provided primary residential care of the child.

(4) The parties shall share the child care costs, health insurance premiums and uninsured medical expenses in proportion to their incomes.

19–A M.R.S. § 2006(5)(D–1) (footnote added). "Substantially equal care" exists when "both parents participate substantially equally in the child's total care, which may include, but is not limited to, the child's residential, educational, recreational, child care and medical, dental and mental health care needs." 19–A M.R.S. § 2001(8–A).

[¶ 16] To persuade a court to modify child support based on 19–A M.R.S. § 2006(5)(D–1), a parent must demonstrate that the parents provide substantially equal care for the child. If a parent makes this showing and demonstrates that the application of section 2006(5)(D–1) would alter the child support obligation by more than fifteen percent, the parent has established a substantial change in circumstances. *See* 19–A M.R.S. § 2009(3).[3]

[¶ 17] The court found that the mother retains primary residence of the children, has more time with the children, is somewhat more involved in their school-related issues and extracurricular activities, and has worked two or three jobs to support the children while maintaining a household on her own. These factual findings, based on the evidence in the trial record, support the court's ultimate finding that the parties do not provide substantially equal care for the children. The record supports the court's finding based on the qualitative analysis and quantitative factors it considered.

[¶ 18] The trial record adequately supports the court's finding that there was no substantial change in circumstances. The court did not err in denying the father's motion to modify child support.

The entry is:

Judgment affirmed.

---

**2.** The enhanced support entitlement is "the basic support entitlement multiplied by a factor of 1.5." 19–A M.R.S. § 2001(3–A) (2005).

**3.** A change in the child support guidelines does not, per se, generate a substantial

change in circumstances and our opinion in *Glew v. Glew* does not suggest any abrogation of the requirement that a party demonstrate a substantial change in circumstances to obtain a modification of child support. 1999 ME 114, ¶ 9, 734 A.2d 676, 680.