2007 ME 111

**Tina ALLEN**

v.

**John ALLEN.**

Supreme Judicial Court of Maine.

Submitted On Briefs: June 13, 2007.

Decided: Aug. 14, 2007.

Thomas S. Carey, Esq., Carey & Associates, Rumford, for plaintiff.

E. Chris L'Hommedieu, Esq., L'Hommedieu Law Office, P.A., Lewiston, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, SILVER, and MEAD, JJ.

ALEXANDER, J.

[¶ 1] John Allen appeals from a judgment of the District Court (Rumford, *McElwee, J.*) denying his motion to modify his child support obligation.[1] He asserts that the court erred as a matter of law in determining that the evidence did not support a finding of a substantial change of circumstances to justify modification of the upward deviation from the child support guidelines that the parties agreed to at the time of their divorce. Because we agree that the court erred in its analysis of the substantial change of circumstances issue, we vacate and remand for further consideration.

## I. CASE HISTORY

[¶ 2] Tina and John Allen were divorced by an agreed-upon judgment in 1999.

---

1. The original divorce action was filed in Lewiston District Court. The case file was later transferred to Rumford District Court.

Neither party was represented by an attorney in the original divorce. They have two daughters. They agreed that primary residence of the older daughter would be with John and that primary residence of the younger daughter would be with Tina. Tina undertook to provide health insurance for both girls.

[¶ 3] At the time of the divorce, John was earning $23,000 per year and Tina was earning $24,000 per year. Pursuant to the child support guidelines, John was obligated to pay Tina $35 per week for child support. The $35 per week was the net amount of child support owed after setting off Tina's obligation to pay child support for the older daughter against John's obligation to pay child support for the younger daughter. However, the parties also agreed to an upward deviation of $50 per week, making John's total child support obligation $85 per week. The reason for this upward deviation, other than the agreement of the parties, was not specified in the original divorce judgment. Thus, there was no contemporaneous finding by the court or proposed finding by the parties to justify the deviation from the child support guidelines.

[¶ 4] The parties now dispute the reason for the deviation. There are various suggestions that this upward deviation was to assist Tina either with daycare costs or for assuming responsibility for a substantial amount of education loans accumulated by both parties.

[¶ 5] In 2005, both parties filed motions to modify child support and the parental rights arrangements. In support of his motion, John essentially argued that the $50 upward deviation in his child support obligation, agreed to at the divorce hearing, was no longer appropriate because the parties' incomes had changed. Also of significance was the fact that the parties' older daughter was close to graduating

from high school, and thus, Tina would no longer have to pay child support to John.

[¶ 6] The court heard the motions in October 2006. At the hearing, the parties presented, and the court order incorporated, several stipulations to resolve issues of past due child support and attorney fees. The principal contested issue was the parties' future child support obligations. After hearing, the court found that John's income was $43,879 per year, an approximate 80% increase from his income at the time of the divorce. The court found that Tina's income was $38,148 per year, an approximate 60% increase from her income at the time of the divorce. Pursuant to the child support guidelines, the court calculated that John's child support obligation should increase from $85 per week, agreed to at the time of the divorce, to $126 per week, to be paid to Tina for the younger daughter. In addition, the parties agreed that John would pay an upward deviation for a clothing allowance for the younger daughter of approximately $7 per week. On appeal, John does not dispute this $133 payment obligation calculated by the court.

[¶ 7] Although there was no dispute that the incomes of both parties had increased substantially and that only one child would remain subject to child support obligations after the older daughter graduated from high school, the court found that John had not proved a substantial change of circumstances to justify termination of the original $50 upward deviation from the child support guidelines that the parties had agreed to at the time of the divorce. The court found that the original upward deviation was based on Tina assuming responsibility for education loans in excess of $20,000, including $6000 from John's education loans. Accordingly, the court added this $50 upward deviation to the sum that John was obligated to pay pursuant to the

child support guidelines calculations and the clothing allowance. This addition made John's total child support obligation $183 per week, including a total upward deviation of $57. The court set off $88 per week from John's payment obligation as Tina's child support obligation for the older daughter. This set off expired on June 1, 2007, when the older daughter graduated from high school.

[¶ 8] John appeals only from the court's determination that there was no substantial change of circumstances to justify setting aside the $50 upward deviation from the child support guidelines that the parties agreed to at the time of the divorce.

## II. LEGAL ANALYSIS

[¶ 9] The law governing child support calculations specifies that a change in a party's child support obligation of more than 15% is a substantial change in circumstances that justifies reexamination and recalculation of the child support obligations. 19–A M.R.S. § 2009(3) (2006);[2] *see also Jabar v. Jabar,* 2006 ME 74, ¶ 14, 899 A.2d 796, 799 ("when a fifteen percent variation would result between the amount in the child support order and the amount calculated with the current income and application of the guidelines, there is a substantial change in circumstances"). However, child support obligations may be recalculated without proof of a substantial change of circumstances when, as here, the child support order had been in effect for three years or longer. 19–A M.R.S.

§ 2009(3). In addition, when one of the parties' children is no longer subject to child support payment obligations, a substantial change of circumstances exists to justify reexamination of the child support obligations of each party, unless that change was anticipated in the terms of the original divorce judgment. *See* 19–A M.R.S. § 2006(8)(G) (2006).

[¶ 10] Here, the court's calculations increased John's child support obligation from $85 per week to $183 per week. John does not dispute that his child support obligation should increase approximately 50%, to $133 per week, which includes a $7 upward deviation for clothing expenses. Rather, he asserts that because both parties' incomes have changed significantly, the court should have found a substantial change in circumstances and then relieved him of his duty to keep paying the original $50–per–week upward deviation.

[¶ 11] Tina argues that John should continue to pay the $50 upward deviation because she contends that one of its original purposes was to compensate her for her assumption of both of their educational loans, which are still outstanding. The court found that the loans at issue, at the time of the divorce, were in excess of $20,000. Tina admitted, however, that a payment of $50 per week, over the seven years between the divorce and the hearing, would have resulted in a repayment of approximately $18,000, more than enough

---

**2.** Title 19–A M.R.S. § 2009(3) (2006) states:

3. Substantial change in circumstances because of variance. If a child support order varies more than 15% from a parental support obligation determined under section 2006, the court or hearing officer shall consider the variation a substantial change of circumstances.... If it has been 3 years or longer since the order was issued or modified, the court or hearing officer shall review the order without requiring

proof or showing of a change of circumstances and shall modify the order if the amount of the child support award under the order differs from the amount that would be awarded under the guidelines. If a child support order was established under section 2007, a 15% variation between the amount of the order and the parental support obligation determined under section 2006 does not constitute a substantial change of circumstances.

to cover John's share of any loan obligation.

[¶ 12] In this case, the parties and the court, in focusing on the need to demonstrate a substantial change of circumstances, misapprehended the issues in a proceeding to amend a child support order in effect for more than three years. When, as here, the parties' incomes have changed significantly and it has been more than three years since the entry of the child support order, section 2009(3) states that the court must review the child support order "without requiring proof or showing of change of circumstances" and "shall modify the order" if the amount of child support awarded at the divorce "differs from the amount that would be awarded under the guidelines." The child support obligation calculated pursuant to the guidelines in the 2006 proceeding is the presumptively proper amount for the 2006 order. 19–A M.R.S. § 2005 (2006). The deviation from the child support guidelines agreed to in 1999 can no longer support an upward or downward deviation from the child support guidelines amounts calculated in 2006 when, as here, the newly calculated award significantly exceeds the prior award that included the upward deviation.

[¶ 13] Because, pursuant to section 2009(3), a completely new calculation of child support has occurred, without needing proof of a change of circumstances other than the change of incomes, any deviation from the guidelines must be justified by findings pursuant to section 2007. Therefore, the court's judgment must be vacated and remanded to the District Court to consider whether there is any basis to justify an upward deviation from the child support guidelines, other than the clothing allowance, in the present circumstances. Pending that determination, John shall be obligated to pay child support at the rate of $133 per week, calculated in accordance with the guidelines and with the agreed-upon $7 upward deviation.

The entry is:

Judgment vacated. Remanded for further consideration in accordance with this opinion.