2006 ME 36

**Donna P. LAWRENCE**

v.

**Darren D. WEBBER.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 16, 2005.
Decided: April 5, 2006.

Dana E. Prescott, Timothy P. Fadgen, Prescott Jamieson Nelson & Murphy, L.L.C., Saco, for plaintiff.

Donna A. Bailey, Saco, Marsha Weeks Traill, Gorham, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Darren D. Webber appeals from a judgment entered in the District Court (Portland, *Eggert, J.*) adopting the order of the family law magistrate[1] (*Oram, M.*) ordering that Webber pay child support to Donna P. Lawrence. Webber contends that the magistrate erred in calculating his child support obligation pursuant to the Child Support Guidelines, 19–A M.R.S. § 2006 (2005).[2] Lawrence argues that Webber's appropriate remedy was a request for deviation from the support guidelines pursuant to 19–A M.R.S. § 2007(3)(A) (2005) rather than an appeal.[3] We vacate

---

1. Pursuant to P.L. 2005, ch. 384, § 183 (effective September 17, 2005), former "case management officers" are known as "family law magistrates." Accordingly, we use the term "magistrate" throughout this opinion.

2. The Child Support Table is provided in 19–A M.R.S.A. § 2011 (Supp.2005).

3. This argument is not persuasive. Section 2007(3)(A) provides for a deviation from the support guidelines when application of 19–A M.R.S. § 2006(5)(D) (2005) or 19–A M.R.S. § 2006(5)(D–1) (2005) "would be unjust, inequitable or not in the child's best interest." 19–A M.R.S. § 2007(3)(A) (2005). Webber does not claim that application of the guide-

the judgment and remand to the District Court.

## I. BACKGROUND

[¶ 2] On August 1, 1996, Webber and Lawrence were divorced. They have three children, a daughter and two sons. Pursuant to an agreement incorporated in the divorce judgment, the parties agreed to share parental rights and responsibilities, including residential care, equally, and no child support was ordered for either party.

[¶ 3] Pursuant to 19–A M.R.S. § 1657 (2005), Lawrence moved to modify the judgment relative to parental rights and responsibilities. Webber responded in opposition and instituted his own motion to modify the judgment. Following a hearing, the magistrate found that Webber had an estimated income of $48,000 and that Lawrence had an estimated earning capacity of $17,000.[4] Based on those findings, the magistrate ordered Webber to pay Lawrence $280.24 per week in child support.

[¶ 4] Webber filed an objection to the magistrate's order, arguing that the magistrate incorrectly applied the Child Support Guidelines. The District Court remanded the matter to the magistrate for further calculations, stating that "[t]he [magistrate] calculated child support using fewer than the total number of children for whom support was being determined as is provided for in 19–A M.R.S.A. § 200[6](1)." Following remand, the magistrate issued an order for the same amount of child support as in the previous order ($280.24 per week), stating: "I construe the remand order as an opportunity to correct a clerical error. No clerical error occurred. The number of children to be used for each calculation was deliberately chosen." The magistrate explained that because the daughter resides with Lawrence, and the residency of both sons is shared by Lawrence and Webber, the "residential configuration does not fall squarely within the statute."

[¶ 5] As a result, the magistrate calculated child support separately for the daughter and the two sons, stating that she used the number of children in each household rather than the total number of children for whom support was being calculated. For the court's assistance, the magistrate also included alternate worksheets, utilizing the total number of children for whom support was being calculated. The District Court adopted the magistrate's order as the judgment of the court. This appeal followed.

## II. DISCUSSION

### A. Calculation of Child Support

[¶ 6] A party subject to a final order entered by a magistrate may object to that order in the District Court. M.R. Fam. Div. III(G)(2). The District Court judge that reviews the record after an objection to the magistrate's order may adopt, modify, or reject the order. M.R. Fam. Div. III(G)(2)(b). When an appeal is

lines is unjust, inequitable, or not in the best interest of the children, but rather that the magistrate erred in calculating support pursuant to the guidelines. That issue is appropriately before this Court.

4. Although both parties filed child support affidavits, neither filed child support worksheets pursuant to 19–A M.R.S. § 2004(1)(C) (2005). When a party fails to comply with the requirements of section 2004(1)(C), section 2004(1)(D) permits the court to impose economic sanctions or utilize other methods to determine the support obligation. 19–A M.R.S. § 2004(1)(D) (2005). As the facts and history of this case demonstrate, it would have been beneficial for the parties to file child support worksheets in addition to the affidavits they did file.

taken from a judgment adopting the magistrate's order, we will review the magistrate's order directly. *Sylvester v. Vitagliano,* 2002 ME 141, ¶ 9, 804 A.2d 391, 393–94. The standard of review is the same when reviewing the magistrate's order directly as it would be if we were reviewing the judgment of the court. *Id.* ¶ 10, 804 A.2d at 394. "We review child support determinations for an abuse of discretion. The trial court's judgment in such matters is entitled to 'substantial deference.'" *Dargie v. Dargie,* 2001 ME 127, ¶ 23, 778 A.2d 353, 358 (quoting *Robinson v. Robinson,* 2000 ME 101, ¶ 13, 751 A.2d 457, 460). The violation of a "positive rule of law" constitutes an abuse of discretion. *Webb v. Webb,* 2005 ME 91, ¶ 4, 878 A.2d 522, 524. Questions of statutory interpretation are matters of law that are reviewed de novo. *Ashe v. Enter. Rent–A–Car,* 2003 ME 147, ¶ 7, 838 A.2d 1157, 1159.

[¶ 7] Title 19–A M.R.S. § 2005 (2005) establishes a rebuttable presumption that child support obligations derived from the support guidelines are the appropriate amount to be paid. Section 2006 requires the court to determine the combined gross income of the parties and apply that income to the child support table to determine the "basic support entitlement." 19–A M.R.S. § 2006(1). When determining the basic support entitlement, the court should use the "total number of children for whom support is being determined." *Id.* Once the basic support entitlement is determined, the court must factor in certain child care and health care costs, and divide the obligation between the parties in proportion to their respective incomes to determine the obligation of the nonprimary care provider. 19–A M.R.S. § 2006(3), (4).

[¶ 8] However, if the parents "provide substantially equal care for a child for whom support is sought," then, pursuant to sections 2006(4) and 2006(5)(D–1), the support obligation must be calculated using an alternate method. 19–A M.R.S. § 2006(4). Section 2006(4) states, "[i]f the court or hearing officer determines that the parties provide substantially equal care for *a child* for whom support is sought, presumptive support must be calculated in accordance with subsection 5, paragraph D–1." *Id.* (emphasis added). Section 2006(5)(D–1) states, "[w]hen the parties do not have equal annual gross incomes but provide substantially equal care for *each child* for whom support is being determined, the presumptive parental support obligation must be determined [according to this subsection]." 19–A M.R.S. § 2006(5)(D–1) (emphasis added). Section 2006(5)(D–1) requires the court to determine "the enhanced support entitlement" utilizing a supplemental worksheet. *Id.*

[¶ 9] We interpret the two emphasized portions of sections 2006(4) and 2006(5)(D–1) to mean the same thing. Whenever the parties provide substantially equal care for a single child, or for multiple children, support for each child within that category must be determined according to section 2006(5)(D–1). Accordingly, section 2006(5)(D–1) does not require that every child for whom support is sought must fall within that category in order for the section to apply. When support is sought for both a child, or children, for whom the parties provide substantially equal care, and a child, or children, in the primary care of one party, the court must calculate the support relative to the children in substantially equal care pursuant to section 2006(5)(D–1), and relative to any children in the primary care of one party, separately, as more specifically described below.

[¶ 10] Title 19–A M.R.S. § 2006(5)(E) addresses another residential configuration and applies "[w]hen each party is the primary residential care provider for at least

one of the children" for whom support is sought. When section 2006(5)(E) applies, the total number of children in each household, rather than the total number of children for whom support is being determined, should be utilized when calculating the basic support entitlement pursuant to the child support table. 19–A M.R.S. § 2006(5)(E).

[¶ 11] In calculating Webber's child support obligation, the magistrate calculated support separately for the daughter, and the two sons, and stated that she utilized the number of children in each household rather than the total number of children. The magistrate's rationale for that approach was that the "particular residential configuration does not fall squarely within the statute." In addition, the magistrate utilized a supplemental worksheet in calculating the obligation relative to the two sons pursuant to the requirements of section 2006(5)(D–1).

[¶ 12] We acknowledge that the residential configuration presented in this case does not fall squarely within the statutory guidelines. *See* 19–A M.R.S. § 2006. However, the approach taken by the magistrate, and adopted by the District Court, violates the plain language of the statute— a positive rule of law. Accordingly, the child support determination is not entitled to deference.

[¶ 13] Section 2006(5)(E) provides in part:

When each party is the residential care provider for at least one of the children involved, a child support obligation must first be computed separately for each party for each child residing primarily with the other party, based on a calculation pursuant to the support guidelines, and using as input in each calculation the number of children in each household, rather than the total number of children.

19–A M.R.S. § 2006(5)(E). It is clear from the language of the statute that section 2006(5)(E) does not apply to the factual scenario present in this case. The magistrate found that the daughter resides primarily with Lawrence and that the sons reside equally with both parents. Therefore, Webber is not the "primary residential care provider" for any of the children.

[¶ 14] The magistrate recognized that section 2006(5)(E) does not directly apply to this situation, but she utilized the concept of separate households in an attempt to apply the spirit of the guidelines to a residential configuration that was not contemplated by the statute. However, as we interpret the statute, it is noteworthy that subsection (5)(E) is the only subsection of section 2006 that requires using the total number of children in each household rather than the total number of children for whom support is being determined. Section 2006(5)(E) represents an exception to the rule, and there is no indication that the Legislature intended that exception to be applied other than in the residential configuration described in that subsection. Accordingly, the magistrate should have utilized the total number of children for whom support was being determined when calculating the basic support entitlement.

[¶ 15] The statute does support the magistrate's decision to use separate worksheets for the daughter, and the sons, respectively. Section 2006(4) provides in part: "If the court or hearing officer determines that the parties provide substantially equal care for a child for whom support is sought, presumptive support must be calculated in accordance with subsection 5, paragraph D–1." 19–A M.R.S. § 2006(4). Because the parties provide substantially equal care for the sons, the magistrate was required to calculate the support obligation in accordance with sec-

tion 2006(5)(D–1). Furthermore, because section 2006(5)(D–1) does not apply to the daughter, it was necessary for the magistrate to calculate support relative to her separately and then combine the two calculations.

[¶ 16] In conclusion, in this case there are three child support worksheets. The first addresses the two boys, for whom the parties provide substantially equal care, based on three children in the family. The second is the supplemental worksheet addressing the child support requirement for the boys, pursuant to 19–A M.R.S. § 2006(5)(D–1). The third worksheet addresses the daughter, who is in the primary care of her mother, and is based on three children. Because each of the worksheets, on the facts of this case, require the father to pay the mother, the amount of child support calculated from the supplemental worksheet is added to his child support obligation from the third worksheet to establish the father's final child support obligation.[5]

The entry is:

Judgment vacated. Remanded to the District Court for recalculation of child support in a manner consistent with the opinion herein.

## Attachments

Child Support Worksheet for son in PDF

Supplemental Worksheet in PDF

Child Support Worksheet for daughter in PDF

---

**5.** We have attached worksheets demonstrating the appropriate calculations. The worksheets reflect the facts, including the ages of the children, as they existed on December 14, 2004, which is the date of the order adopted by the court.

**486**

SUPERIOR COURT

_____,ss.

Docket No. _____

STATE OF MAINE

DISTRICT COURT
Location \_\_\_Portland\_\_\_\_\_
Docket No. \_93-DV-378_____

DONNA LAWRENCE_____Plaintiff

vs.

**CHILD SUPPORT WORKSHEET**

DARREN WEBBER_____Defendant

1. a. Primary care provider (parent children live with most of the time): ☐ Plaintiff    ☐ Defendant    X Both
   If parents provide substantially equal care, higher income parent should be shown as the non-primary care provider.
   b. Parent providing health insurance for the children:    ☐ Plaintiff    X Defendant    ☐ Neither

2. Child's Name    Date of Birth    Child's Name    Date of Birth
   [son]_____    1/23/93    [son]_____    2/5/90

| Yearly Amounts | Primary Care Provider | Non-Primary Care Provider ☐ Self-support reserve ☐ Below poverty level | Combined Income |
|---|---|---|---|
| 3. Gross income | $ 17,000 | $ 48,000 | |
| 4. Minus other obligations | | | |
| a. Support paid to former spouse | a. | a. | |
| b. Support paid for other children | b. | b. | |
| c. Other children living with non-primary care provider   (See instructions on reverse side.) | | c. | |
| 5. Total of 4a, b, & c | | | |
| 6. Adjusted Yearly Gross Income   (Subtract line 5 from line 3) | a.   17,000 | b.   48,000 | c.   65,000   (Add 6a & 6b) |
| 7. Share of Gross Income   (Divide each parent's income by combined income) | a.   26   % | b.   74   % | |

8. Basic weekly support for all children up to 18 years (or up to 19 years if still in high school) (See instructions on reverse.)
   a. Total number of children \_\_\_\_\_3\_\_\_\_\_
   b. Number of children ages 0-11 \_\_1\_\_ multiplied by amount from table \_\_\_90\_\_\_ = $ \_\_\_\_\_90\_\_\_\_\_
   c. Number of children ages 12-17 \_1\_\_ multiplied by amount from table \_\_111\_\_\_ = $ \_\_\_\_111\_\_\_\_\_
      Total (add 8b and 8c):    8.\_\_\_201.00\_\_\_

9. Weekly health insurance cost for children
   Name & amount per child per week\_\_\_\_\_[son]_____    $ _____17.45_____
   _____[son]_____    $ _____17.45_____
      Total:    9.\_\_\_\_17.45\_\_\_\_

10. Weekly child care expenses
    Name & amount per child per week_____    $_____
    _____    $_____
      Total:    10.\_\_\_\_34.90\_\_\_\_

11. Extraordinary medical expenses
    Name & amount per child per week_____    $_____
    _____    $_____
      Total:    11._____

*If parents provide substantially equal care, continue calculations on supplemental worksheet.

12 TOTAL WEEKLY SUPPORT OBLIGATION (Add lines 8, 9, 10 and 11.)    12._____

13.WEEKLY PARENTAL SUPPORT OBLIGATION:

a. Primary Care
   Provider spends directly $_____
   (Multiply line 7a by line 12)

b. Non-Primary Care
   Provider's support obligation    $_____
   (Multiply line 7b by line 12)
   Health insurance adjustment    - _____
   (See instructions on reverse side)
   Non-Prim. Care Provider pays as support _____

Date: _____    Prepared by: _____

FM -040, Rev. 09/05    (Attorney for) (Plaintiff) (Defendant) (Judge) (Magistrate)(Mediator)

SUPERIOR COURT        **STATE OF MAINE**    DISTRICT COURT

_____,ss.                          Location _____Portland_____

Docket No. _____                     Docket No. __93-DV-378__

DONNA LAWRENCE _____Plaintiff

     vs.                            **SUPPLEMENTAL WORKSHEET**

DARREN WEBBER _____Defendant

### Supplemental Child Support Worksheet
(For use when parents provide substantially equal care. CV-040 must be prepared first.)

14. Higher income parent's share of basic weekly support

    ___.74___ (line 7b) x ___201.00___ (line 8)      = 14. _148.74_

15. Enhanced weekly support entitlement

    ___201.00___ (line 8) x 1.5      = 15. _301.50_

16. Lower income parent's share of enhanced weekly support entitlement

    ___.26___ (line 7a) x ___301.50___ (line 15)      = 16. _78.39_

17. Higher income parent's share of enhanced weekly support entitlement

    ___.74___ (line 7b) x ___301.50___ (line 15)      = 17. _223.11_

18. Enhanced Support Obligation

    ___223.11_ (line 17) - ___78.39___ (line 16)      = 18. _144.72_

19. Presumptive Parental Support Obligation

    Enter the amount from line 14 or line 18, whichever is less      = 19. _144.72_

20. Additional expenses to be shared by parents in proportion to their incomes:

| Expense | Weekly Amount | Parent Paying | HIP Share* | LIP Share* |
|---|---|---|---|---|
| Health Insurance (enter amount from line 9) | 34.90 | HIP | $25.83 | $9.07 |
| Child Care (enter amount from line 10) | | | $ | $ |
| Extraordinary Medical Expenses (enter amount from line 11) | | | $ | $ |
| *HIP = higher income parent | *LIP – lower income parent | **TOTAL:** | $25.83 | $9.07 |

                     Adjustment for additional expenses      = 20. _9.07_

                     (If HIP pays the expense(s), subtract LIP share.

                     If LIP pays the expense(s), add HIP share.

                     Do not include on line 20 amount(s) HIP pays directly to a provider.)

21. Total weekly support obligation of HIP to be paid to LIP      = 21. _135.65_

FM-040A, 11/03

SUPERIOR COURT            **STATE OF MAINE**        DISTRICT COURT

_____,ss.                             Location ___Portland___

Docket No._____                         Docket No. _93-DV-378_

DONNA LAWRENCE_____Plaintiff

       vs.                                 **CHILD SUPPORT WORKSHEET**

DARREN WEBBER_____Defendant

1. a. Primary care provider (parent children live with most of the time):    X Plaintiff    ☐ Defendant    ☐ Both
   If parents provide substantially equal care, higher income parent should be shown as the non-primary care provider.
   b. Parent providing health insurance for the children:     ☐ Plaintiff    X Defendant    ☐ Neither

2. Child's Name             Date of Birth        Child's Name             Date of Birth
   [daughter]_____     4/23/87

| Yearly Amounts | Primary Care Provider | Non-Primary Care Provider<br>☐ Self-support reserve<br>☐ Below poverty level | Combined Income |
|---|---|---|---|
| 3. Gross income | $ 17,000 | $ 48,000 | |
| 4. Minus other obligations | | | |
|    a. Support paid to former spouse | a. | a. | |
|    b. Support paid for other children | b. | b. | |
|    c. Other children living with non-primary care provider (See instructions on reverse side.) | | c. | |
| 5. Total of 4a, b, & c | | | |
| 6. Adjusted Yearly Gross Income (Subtract line 5 from line 3) | a. 17,000 | b. 48,000 | c. 65,000 (Add 6a & 6b) |
| 7. Share of Gross Income (Divide each parent's income by combined income) | a. 26 % | b 74 % | |

8. Basic weekly support for all children up to 18 years (or up to 19 years if still in high school) (See instructions on reverse.)
   a.   Total number of children ____3____
   b.   Number of children ages 0-11 _____ multiplied by amount from table _____ = $_____
   c.   Number of children ages 12-17 _1_ multiplied by amount from table _111_ = $___111___
                                   Total (add 8b and 8c):    8. ___111 00___

9. Weekly health insurance cost for children
        Name & amount per child per week_____[daughter]_____    $_____17.45_____
        _____    $_____
                                     Total:   9.___17 45___

10. Weekly child care expenses
         Name & amount per child per week_____    $_____
         _____    $_____
                                       Total:   10. _____

11. Extraordinary medical expenses
         Name & amount per child per week_____    $_____
         _____    $_____
                                       Total:   11. _____

\*If parents provide substantially equal care, continue calculations on supplemental worksheet.

12 TOTAL WEEKLY SUPPORT OBLIGATION (Add lines 8, 9, 10 and 11.)        12. ___128 45___

13. WEEKLY PARENTAL SUPPORT OBLIGATION:

| a. Primary Care | b. Non-Primary Care |
|---|---|
| Provider spends directly $_____ <br> (Multiply line 7a by line 12) | Provider's support obligation   $_____95.05_____ <br> (Multiply line 7b by line 12) <br> Health insurance adjustment    - _____17.45_____ <br> (See instructions on reverse side) <br> Non-Prim. Care Provider pays as support _____77.60_____ |

Date: _____          Prepared by: _____

FM -040, Rev. 09/05                   (Attorney for) (Plaintiff) (Defendant) (Judge) (Magistrate)(Mediator)