2009 ME 28

**Debra L. (Sidney) PRATT**

v.

**Dean J. SIDNEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 26, 2008.

Decided: March 17, 2009.

---

Donald S. Hornblower, Esq., Hornblower Lynch Rabasco & Van Dyke, P.A., Lewiston, ME, for Debra L. (Sidney) Pratt.

Scott Quigley, Esq., S. Courtney Michalec, Esq. Laskoff & Associates, Lewiston, ME, for Dean J. Sidney.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

CLIFFORD, J.

[¶ 1] Debra L. (Sidney) Pratt appeals from the judgment of the District Court (Lewiston, *Beliveau, J.*) modifying child support owed to her by Dean J. Sidney on the Department of Health and Human Services's motion in connection with the parties' divorce. Pratt contends that the District Court erred when it found a substantial change in circumstances and ordered a downward deviation in child support based on Sidney's provision of substantially equal care for the parties' child. Because we agree with Pratt's specific contentions—that the court committed error when it: (1) concluded, based on the facts found by the magistrate (*Carlson, M.*), and without conducting a separate evidentiary hearing, that Sidney provides substantially equal care for the parties' minor child, and (2) directed the magistrate to grant a downward deviation from the presumptive child support guidelines on that basis—we vacate the judgment.

## I. BACKGROUND

[¶ 2] Pratt and Sidney were divorced on January 23, 2001, by a judgment later amended on April 11, 2006. The parties have one minor child, a daughter who is now fifteen years old. The amended divorce judgment granted primary residence of the child to Pratt and granted Sidney contact with the child from after school on Tuesdays until Friday evenings. The

amended divorce judgment also reflected the agreement of the parties that, in order to resolve an issue as to the imputed income of both parties, Sidney was entitled to a downward deviation of thirty dollars from the presumptive child support guidelines on Sidney's child support obligation. As a result, Sidney was obligated to pay Pratt sixty dollars per week in child support.

[¶ 3] In March of 2007, pursuant to 19–A M.R.S. §§ 2009, 2103 (2008), the Department, on behalf of Pratt, filed a motion to review and modify that child support. The Department, seeking an increase in Sidney's child support obligation, alleged that, in applying the presumptive guidelines, there was a fifteen percent variation between the amount of current child support being paid and the presumptive child support obligation, that variation constituting a substantial change in circumstances. *See* 19–A M.R.S. § 2009(3).

[¶ 4] On June 18, 2007, the magistrate entered an order modifying the child support award to reflect the changes in the parties' circumstances. The magistrate found that Sidney earned $36,400 per year and Pratt earned $28,652 per year. The primary residence of the child remained with Pratt, but the magistrate also found that Sidney was entitled to a downward deviation based on the amount of time he spent with the child. *See* 19–A M.R.S. § 2007(3)(Q) (2008). The magistrate, however, made no finding as to whether Sidney was providing substantially equal care of the minor child within the meaning of 19–A M.R.S. § 2001(8–A) (2008), and did not utilize the supplemental child support worksheet that is applied when the parties are providing substantially equal care. *See* 19–A M.R.S. § 2006(5)(D–1) (2008). The magistrate entered a child support order requiring Sidney to pay Pratt $103 per week, and requiring Pratt to continue to provide health insurance for the child.

[¶ 5] Pursuant to M.R. Fam. Div. III(G)(2), Sidney objected to the magistrate's order. Sidney contended that he provided substantially equal care of the minor child, and that his child support obligation should be calculated according to 19–A M.R.S. § 2006(5)(D–1), and the supplemental worksheet applicable when the non-primary care parent provides such substantially equal care. The court initially denied Sidney's objection, based in part on the fact that Pratt was providing the primary residence for the child. The court, however, later granted Sidney's motion for reconsideration. The court concluded, without conducting an evidentiary hearing, that the facts found in the magistrate's order that Sidney spent Tuesdays through Fridays, and sometimes Sundays, with the child demonstrated that he was providing substantially equal care for the child. The court remanded the matter to the magistrate for a calculation of child support using the supplemental worksheet for parents providing substantially equal care. *See* 19–A M.R.S. § 2006(5)(D–1). On remand, the magistrate made that calculation, and entered a child support order pursuant to the worksheet ordering Sidney to pay Pratt fifty-eight dollars per week. The magistrate did not change the provision requiring Pratt to maintain the child's health insurance. *See* 19–A M.R.S. § 2006(5)(D–1)(4). Pratt filed an appeal challenging the child support order.

## II. DISCUSSION

[¶ 6] Pratt contends that the court erred in finding a substantial change in circumstances sufficient to warrant a downward deviation in child support based on Sidney's provision of substantially equal care for their child. She argues that no substantial change in circumstances has

occurred with respect to the amount of time the child spends with Sidney since the time the divorce judgment was first amended in 2006, and therefore, that the amount of time the child spends with Sidney could not have justified the calculation of the new reduced amount of child support owed by Sidney in 2007. Pratt herself, however, moved for a modification of child support, and she does not dispute that there was *some* change in circumstances warranting a modification of child support such as is reflected in the magistrate's June 18, 2007, order. Rather, Pratt contends that there was no *substantial change* from 2006 as to the care Sidney provided to the child, and that a downward adjustment based on Sidney's provision of substantially equal care as ordered by the District Court therefore was not justified.

[¶ 7] When an appeal is taken from a judgment adopting the magistrate's order, this Court reviews the magistrate's order directly. *Dep't of Health & Human Servs. v. Pelletier*, 2009 ME 11, ¶ 14, 964 A.2d 630, 634–35; *Lawrence v. Webber*, 2006 ME 36, ¶ 6, 894 A.2d 480, 482–83. Further, when the District Court adopts the magistrate's findings and conclusions, but modifies the judgment based on an additional legal conclusion, we review directly both the magistrate's decision and the District Court's modification of that judgment. *Pelletier*, 2009 ME 11, ¶ 14, 964 A.2d at 634–35; *Ezell v. Lawless*, 2008 ME 139, ¶ 13, 955 A.2d 202, 206. The same rules apply when, as here, the District Court vacates the decision of a magistrate. *Pelletier*, 2009 ME 11, ¶ 14, 964 A.2d at 634–35. Because the District Court did not disturb the facts found by the magistrate, we review the factual findings of the magistrate directly for clear

error, and the additional legal conclusions of the District Court de novo. *See id.* ¶ 15, 964 A.2d at 635.

[¶ 8] In this case, the magistrate, as urged by Pratt, found a substantial change of circumstances warranting a modification of the child support order. *See* 19–A M.R.S. § 2009(3).

[¶ 9] Pratt contends that, in determining whether there has been a substantial change in the circumstances of these parties pursuant to 19–A M.R.S. § 2009(3), the time that both parties spend with the child should not be considered because there has been no change in the time the parties spend with the child since the amended judgment was issued in 2006.[1] If there has been a determination that there has been a substantial change of circumstances as to factors affecting child support, however, the magistrate or the court is free to consider *all* the circumstances relevant to a proper determination of the child support obligation, including whether the parties are providing substantially equal care of the minor child, *see* 19–A M.R.S. § 2006(5)(D–1), and is obligated to "modify the order according to the child support guidelines under chapter 63," 19–A M.R.S. § 2009(3). Pursuant to chapter 63, if the parties are providing substantially equal care for a minor child, a downward deviation of the support obligation of the parent not providing primary residence is warranted pursuant to section 2006(5)(D–1). That the previous child support order, which was entered by agreement of the parties, did not address whether the parties are providing substantially equal care does not mean that the magistrate or the court is precluded from considering *all* the relevant circumstances or

---

1. "If a child support order varies more than 15% from a parental support obligation determined under section 2006, the court or hearing officer shall consider the variation a substantial change of circumstances...." 19–A M.R.S. § 2009(3) (2008).

from factoring those circumstances into the new child support order.

[¶ 10] Pratt also points out that the primary physical residence of the parties' minor child is with her, and she contends that the conclusion of the District Court that Sidney provides substantially equal care for the child, a conclusion we review de novo, is not supported by the facts in the record. Sidney, as the party contending that he provides substantially equal care, has the burden of proof on that issue. We disagree with Pratt's contention that Sidney cannot demonstrate that he is providing substantially equal care. The evidence, which consists mostly of facts that are not in dispute, could support such a finding.

[¶ 11] The undisputed facts as found by the magistrate, however, do not *compel* a finding that Sidney is providing substantially equal care as a matter of law within the meaning of section 2001(8–A), and the magistrate never made a factual finding, pursuant to section 2006(5)(D–1), that the parties were providing substantially equal care of their minor child. A finding of substantially equal care should be premised on specific factors, several of which were not found and do not appear to have been considered by the magistrate. Although the child's primary physical residence remains with Pratt, primary physical residence and the time spent with the child are not the only factors relevant to whether the parents are providing substantially equal care to the child within the meaning of section 2001(8–A). Section 2001(8–A), which defines "substantially equal care," requires the trial court to conduct a more detailed inquiry into who provides "the child's residential, educational, recreational, child care and medical, dental and mental health care needs." 19 M.R.S. § 2001(8–A). The factual finding that the child spends Tuesdays until Friday evenings, and sometimes Sundays, with Sidney does not, by itself, satisfy the analysis required by section 2001(8–A), and does not compel a conclusion that Sidney is providing substantially equal care as a matter of law.

■ [¶ 12] Nevertheless, the District Court, based on the factual findings made by the magistrate only as to the *time* the parties spend with the child, concluded that Sidney is providing substantially equal *care* for the child. The District Court did not hold an evidentiary hearing, and thus it could not have made any factual findings of its own. Instead the court should have remanded the matter to the fact-finder, the magistrate, to determine if Sidney was indeed providing substantially equal care within the meaning of section 2001(8–A) so as to justify the downward deviation in Sidney's child support obligation as mandated by the application of section 2006(5)(D–1). Alternatively, the court could have conducted its own de novo hearing to make its own factual findings. It could not, however, make its own new findings of fact without hearing any evidence. *Cf. Ezell*, 2008 ME 139, ¶ 13, 955 A.2d at 206 (noting that the District Court can issue additional legal conclusions based on the magistrate's findings of fact).

[¶ 13] Although the magistrate found, and Pratt stipulated, that the minor child was with Sidney three days during the workweek, including overnights and sometimes all day on Sunday, factors other than time spent with the child are important to the determination of the provision of substantially equal care for the child. Pratt's residence was the child's primary residence, and the magistrate did not address important factors set out in section 2001(8–A), such as educational, recreational, child care, medical and dental, and mental health care needs. The magistrate should

have the opportunity to consider the evidence in order to determine whether Sidney can establish that he provides substantially equal care.

The entry is:

Judgment vacated. Remanded to the District Court for a hearing on the issue of whether Sidney provides substantially equal care of the minor child.