MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2015 ME 81
Docket:        Han-14-427
Submitted
  On Briefs:   June 2, 2015
Decided:       July 7, 2015

Panel:         SAUFLEY, C.J., and ALEXANDER, GORMAN, JABAR, and HJELM, JJ.

AMY E. (BODDY) DICKENS

v.

WILLIAM JOHN BODDY

ALEXANDER, J.

[¶1]  William John Boddy appeals from a judgment entered in the District Court (Ellsworth, *Mitchell, J.*) denying, in part, his motion to modify a divorce judgment.  Boddy contends that the court was compelled by the evidence to find that he was providing substantially equal care to his child and to adjust his child support obligation accordingly, and that it clearly erred by finding no substantial change in circumstances sufficient to modify the child's residency.  Thus, Boddy contends, the court abused its discretion by denying his motion as to these issues.[1] We affirm.

---

[1]  Boddy also argues that the court erred by failing to admit certain evidence at trial.  Based upon the record before us, Boddy has not demonstrated that the trial court abused its discretion by excluding that evidence, *see Levesque v. Cent. Me. Med. Ctr.*, 2012 ME 109, ¶ 16, 52 A.3d 933, and thus has not met his burden of persuasion on appeal, *see Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048.

## I. CASE HISTORY

[¶2]  William John Boddy and Amy E. Dickens (formerly Amy D. Boddy) were married in Eastbrook in July 2007 and have one child.  Dickens filed a complaint for divorce in April 2008, and the two were divorced by a judgment entered by the District Court (Ellsworth, *Staples, J.*) in June 2010.  The original judgment provided for shared parental rights and responsibilities of the parties' child, awarded Dickens primary residency, required Boddy to pay $142.74 weekly in child support, and appointed a parenting coordinator.

[¶3]  Boddy moved to modify the judgment in December 2011.  In March 2013, the court (*Field, J.*) modified the divorce judgment by an order that maintained primary residency with Dickens and shared parental rights and responsibilities between the parties, but provided a new schedule for parent/child contact, which placed the child with her father every other Wednesday to Sunday during the school year and every other week for the full week during summer vacations.  In addition, the court reduced Boddy's weekly child support obligation from $57.75, the sum indicated by the child support guidelines, to $35.82, "in recognition of [Boddy's] substantially equal time with the child during the summer months."  *See* 19-A M.R.S. § 2006(5)(D-1) (2014).  At the time that the 2013 order issued, Boddy was unemployed.

[¶4]  Recognizing that the child would begin school in the fall of 2013, the court also provided that "[a]t the conclusion of the child's second grade school year, or June of 2016, whichever occurs first, the parties shall assess the appropriateness of a move to a year round equal, shared parental residential arrangement for her."

[¶5]  One year later, Boddy filed a second motion to modify.  By this time, he had become employed and was earning slightly less than was Dickens.  In that motion, Boddy asserted that there had been three changes in circumstances: (1) his income had increased by over twenty percent, (2) he had been providing substantially equal care for the past year, and (3) the child had started attending school.   Boddy requested that the court declare that the parties were currently providing substantially equal care for the child pursuant to 19-A M.R.S. § 2006(5)(D-1) and provide for shared residence between the parties. *See* 19-A M.R.S. § 1653(2)(D) (2014).

[¶6]    The court (*Mitchell, J.*) held a hearing on the motion in September 2014.  Both parties provided child support affidavits and testified as to their respective incomes.  Boddy testified that he did not seek to modify the parent/child contact arrangement but wanted the court to recognize that his involvement in the child's life under the present contact schedule was sufficient to qualify as "substantially equal care" pursuant to 19-A M.R.S. § 2006(5)(D-1).  He

4

testified that in addition to the time he spends with the child when she is at his residence, Boddy spends time with her by attending and supporting her at events in the community, including coaching and attending her soccer games and other activities. Boddy testified that if the court did not recognize substantially equal care and create a child support obligation to reflect that finding, he would not be able to provide as much for his child while she is with him because of his increased support obligation.[2]

[¶7] The court ruled from the bench at the close of the hearing. The court found that Dickens's income is $47,234, Boddy's income and earning capacity is $42,000, and Dickens now pays $117.71 per week for health insurance for the child. The court granted Boddy's motion to modify in part, finding a substantial change in circumstances to warrant modifying child support payments because the parties' incomes had changed such that the most recent support order and Boddy's obligation as calculated with the parties' new incomes varied by over fifteen percent. *See* 19-A M.R.S. § 2009(3) (2014).

[¶8] The court denied Boddy's motion with respect to a modification of the prior order "as it pertains to primary residence." The court found that Boddy, as the party with the burden of proof to support his request for modification, had not

---

[2] In addition to the changes he alleged in his motion to modify, Boddy also testified that another change in circumstances was that a 2012 amended order that a parenting coordinator be retained and paid for had been terminated in January 2014.

demonstrated a change in circumstances sufficient to warrant modifying the earlier order regarding the child's residency. In addition, the court found that, to the extent Boddy was attempting to prove substantially equal care to warrant a deviation from the child support guidelines, Boddy "ha[d] not carried his burden in that regard either."

[¶9] The court requested that Dickens prepare an order consistent with its ruling. Before an order was entered, Boddy filed a motion for findings of fact and conclusions of law pursuant to M.R. Civ. P. 52.

[¶10] In an order signed on September 17, 2014, but not docketed until October 6, the court issued its written findings. For essentially the same reasons as it had stated from the bench, the court granted Boddy's motion to modify in part, by modifying Boddy's child support obligation to reflect his changed employment status, but denying his requests to recognize substantially equal care and provide for shared residency. The order obligates Boddy to pay $116.64 each week, rather than the $153.69 called for by the child support guidelines, and explains: "The new [child support] calculations follow the same formula specified in detail in the [prior] order, with the same downward deviat[ion] granted to [Boddy]. . . . [B]ased on the evidence presented at trial, the [c]ourt finds no grounds to change the

6

formula."[3] To the extent that Boddy sought findings in addition to those stated in the court's written order, the court also denied Boddy's motion for findings of fact. Boddy timely appealed. *See* M.R. App. P. 2(b)(3); 14 M.R.S. § 1901(1) (2014).

## II. LEGAL ANALYSIS

[¶11] Before beginning our analysis of the law, we note, as the trial court also recognized, that the record indicates that Boddy is and has been an involved and supportive parent. What we must decide here is not whether Boddy is being a good parent, but whether, pursuant to statute, his level of involvement and support justifies a downward modification of his child support obligation beyond that already recognized in the court's order.

[¶12] We review a trial court's grant or denial of a motion to modify child support and primary residence for an abuse of discretion, and we review factual findings for clear error. *See Akers v. Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311. As the party seeking to modify the court's order to achieve a further downward deviation of his child support obligation, Boddy had the burden of proof to demonstrate that he was providing "substantially equal care" for his child pursuant to 19-A M.R.S. § 2006(5)(D-1). *See Pratt v. Sidney*, 2009 ME 28, ¶ 10, 967 A.2d 685 (stating that

---

[3] Rather than being obligated to pay Dickens $7,991.88 each year to help her support their daughter, Boddy is required to pay $6,065.28. This deviation effects a 24% decrease in Boddy's child support obligation from the guideline amount, closely approximating the portion of the year that the parties actually have shared primary residence, i.e., eleven weeks, or 21% of the year.

the party contending that he or she provides substantially equal care "has the burden of proof on that issue"). A party having the burden of proof on an issue can prevail on a sufficiency of the evidence challenge to a finding that his or her burden has not been met only by demonstrating that a contrary finding is compelled by the evidence in the record. *St. Louis v. Wilkinson Law Offices*, *P.C.*, 2012 ME 116, ¶ 16, 55 A.3d 443; *Handrahan v. Malenko*, 2011 ME 15, ¶ 13, 12 A.3d 79.

[¶13] Here, because of Boddy's substantial increase in income, there is no dispute that since the prior order, there had occurred a substantial change in circumstances sufficient to justify a modification of the child support order. *See Smith v. Padolko*, 2008 ME 56, ¶ 11, 955 A.2d 740. "If a child support order varies more than 15% from a parental support obligation determined under section 2006, the court or hearing officer shall consider the variation a substantial change of circumstances" and modify the child support order in accordance with 19-A M.R.S. § 2006 (2014). 19-A M.R.S. § 2009(3).

[¶14] When "there has been a substantial change of circumstances as to factors affecting child support, . . . the court is free to consider *all* the circumstances relevant to a proper determination of the child support obligation, including whether the parties are providing substantially equal care of the minor child." *Pratt*, 2009 ME 28, ¶ 9, 967 A.2d 685.

8

[¶15] "If the court . . . determines that the parties provide substantially equal care for a child for whom support is sought, presumptive support must be calculated in accordance with [section 2006(5)(D-1)]." 19-A M.R.S. § 2006(4). Section 2006(5)(D-1)(3) provides that "[t]he party with the higher annual gross income has a presumptive obligation to pay the other party" one of two potential amounts as determined by that subsection.[4] "'Substantially equal care' means that both parents participate substantially equally in the child's total care, which may include, but is not limited to, the child's residential, educational, recreational, child care and medical, dental and mental health care needs." 19-A M.R.S. § 2001(8-A) (2014).

[¶16] Here, when calculating the new support obligation, the court was free to consider anew whether the parties were providing substantially equal care. *See* 19-A M.R.S. § 2006(5)(D-1); *Pratt*, 2009 ME 28, ¶ 9, 967 A.2d 685. The court found that Boddy had failed to prove that the parties were providing substantially equal care, and a contrary finding is not compelled by the record. In its analysis, the court properly considered multiple factors. *See* 19-A M.R.S. § 2001(8-A); *Pratt*, 2009 ME 28, ¶ 11, 967 A.2d 685.

---

[4] Title 19-A M.R.S. § 2006(5)(D) (2014) provides that "[w]hen the parties have equal annual gross incomes and provide substantially equal care for each child for whom support is being determined, neither party is required to pay the other a parental support obligation." Subsection D is not at issue in this case, however, because the parties do not have equal annual gross incomes.

[¶17]  Generally, the parent who provides more of the child's total care, which would include "residential, educational, recreational, child care and medical, dental and mental health care needs," 19-A M.R.S. § 2001(8-A), will have a greater cumulative economic obligation as a result of providing that care.  Thus, the child support guidelines generally require the noncustodial parent to pay child support to the parent with primary residence to support that economic obligation.  *See* 19-A M.R.S. § 2006(4).  Section 2006(5)(D-1) provides a different support calculation *only* when the parties provide substantially the same amount of care (and presumably bear substantially the same economic burdens).  *See* 19-A M.R.S. §§ 2001(8-A), 2006(4), (5)(D-1).

[¶18]  In this case, for about eleven weeks in the summer, Boddy has equal contact with his child, which the court has recognized with a downward deviation in his child support obligation.  For the remainder of the year, the child spends four out of every fourteen days at Boddy's residence.  Boddy contends that his time attending and supporting his child at school and community events involving the child makes him a "substantially equal care" provider.  Boddy's attendance and support at such events in the school and the community may be important to the child's well-being, but these activities do not constitute the provision of "substantially equal care."  Dickens remains primarily responsible for the child during a significant majority of the year, and the support Boddy is obliged to pay

does not even equal the amount Dickens pays for the child's health insurance. The record demonstrates that the court considered the appropriate factors in making its finding, a contrary finding is not compelled by the evidence, and the court's affirmative finding that the parties are not providing substantially equal care is supported by competent evidence in the record. *See Jabar v. Jabar*, 2006 ME 74, ¶ 17, 899 A.2d 796.

[¶19]  Finally, the court did not clearly err by finding that the parties' changed incomes and the termination of the parenting coordinator's role did not constitute a substantial change in circumstances to warrant modifying the prior order regarding the child's residence, and did not abuse its discretion by denying Boddy's motion in that regard.[5]  *See Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311.

The entry is:

> Judgment affirmed.

---

[5]  As the trial court noted, the prior order contemplated that the child would start school and that Boddy would have a particular contact schedule with the child.  Thus, the fact that the child started school and that Boddy was appropriately exercising his parental rights and responsibilities as the order contemplated was not a "change in circumstances since the entry of the most recent decree" to warrant modification. *See Smith v. Padolko*, 2008 ME 56, ¶ 11, 955 A.2d 740.

**On the briefs:**

William John Boddy, appellant pro se

Barbara A. Cardone, Esq., Lanham Blackwell & Baber, Bangor, for appellee Amy E. Dickens

Ellsworth District Court docket number FM-2008-112
FOR CLERK REFERENCE ONLY