394 P.3d 28

**In re the Matter of: Justin Tait MITTON,
Petitioner/Appellant,**

v.

**Candice H. MITTON,
Respondent/Appellee.**

**No. 1 CA–CV 15–0769 FC**

Court of Appeals of Arizona,
Division 1.

FILED 4/11/2017

Ellsworth Family Law P.C., Mesa, By Glenn D. Halterman, Counsel for Petitioner/Appellant

Bowman and Brooke LLP, Phoenix, By Travis M. Wheeler, Amanda E. Heitz, Counsel for Respondent/Appellee

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Randall M. Howe and Judge Patricia A. Orozco [1] joined.

## OPINION

THUMMA, Judge:

¶ 1 Justin Mitton (Father) appeals from the superior court's post-decree order modifying child support. Because child support was improperly calculated, the order is vacated and the issue of child support is remanded for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Candice Mitton (Mother) and Father divorced by consent decree entered in 2013. The decree provided Mother and Father equal parenting time with their children, with Father paying Mother child support. Mother and Father currently have three minor children: a daughter, who is 17, and twin boys, who are 10.

¶ 3 Father later filed a petition to modify child support, which was addressed at an August 2015 evidentiary hearing. Mother and Father testified that, with their consent, their daughter was living with Mother full time, while the twins continued to have equal time with each parent. Because their daughter was living with Mother full time, Mother

---

1. The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

argued that Father needed to pay more child support. The court took the matter under advisement and directed counsel to file child support worksheets setting forth their positions. Mother filed two worksheets (one for their daughter living solely with Mother and one for the twins reflecting equal parenting time with Mother and Father). Father timely objected, arguing Mother's worksheets overstated his child support obligation, and filed competing worksheets, including a combined worksheet for all three children. In a subsequent ruling, the court set child support in an amount calculated by adding together the two worksheets Mother had filed.

¶ 4 This court has jurisdiction over Father's timely appeal from that ruling pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12–120.21(A)(1) and – 2101(A)(1) (2017).[2]

## DISCUSSION [3]

■ ¶ 5 Father argues the superior court's method of combining two separate child support worksheets "was not consistent with the Guidelines and resulted in a support award that far exceeded what is contemplated by the Guidelines." This method, Father argues, resulted in a "clearly disproportionate increase" in his child support obligation. Father argues this method ignores that the Guidelines account for "the fact that some of the expenses associated with supporting a single child (such as providing housing) do not increase in equal proportion to the number of children in a family."

¶ 6 Mother counters that the superior court did not err, citing an example in section 16 of the Guidelines, titled "Multiple Children, Divided Custody," that uses separate worksheets and treats each child as an only child. *See* A.R.S. § 25–320 Appendix § 16. The example, however, assumes each parent has sole custody of at least one child—which

is not the case here—making section 16 inapplicable.

■ ¶ 7 How the Guidelines approach child support for unusual parenting time arrangements is a matter of law subject to de novo review. *Hetherington v. Hetherington*, 220 Ariz. 16, 21 ¶ 21, 202 P.3d 481 (App. 2008). The Guidelines are based on an "income shares model" in determining child support. *Nash v. Nash*, 232 Ariz. 473, 476 ¶ 7, 307 P.3d 40 (App. 2013). The income shares model "is based on two principles: (1) 'The total child support amount approximates the amount that would have been spent on the children if the parents and children were living together,' and (2) 'Each parent contributes his/her proportionate share of the total child support amount.'" *Id.* (quoting Guidelines § 1 Background).

¶ 8 The parties have cited, and this court has found, no Arizona case addressing the issue presented here: how to calculate child support when one child lives with one parent full time, and parents share parenting time equally with at least one other child. For guidance, then, this court looks to cases in other states that use the "income shares model" upon which Arizona's Guidelines are based.

¶ 9 Indiana uses the income shares model, *see* Indiana Child Support Guideline 1, and has addressed a similar issue. In *In re Marriage of Blanford*, father had no overnight parenting time with one child, but "significant overnight parenting time with" another child. 937 N.E.2d 356, 361 (Ind. Ct. App. 2010). In calculating child support, the trial court used two separate child support worksheets, which "led to calculations that treated each child as though he was an only child for the purposes of calculating [father's] child support obligations." *Id.* On appeal, the court reversed, stating the method erroneously inflated father's child support obligations. *Id.* The court remanded for the calculation of child support using only one worksheet and

---

2. Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

3. In a separate memorandum decision, *Mitton v. Mitton*, 1 CA–CV 15–0769 FC, 2017 WL 1325650

(Ariz. App. April 11, 2017), filed simultaneously with this opinion, this court addresses Father's challenge to an order modifying parenting time and the parties' claims for attorneys' fees and costs on appeal.

using the "basic support obligation for two children at the appropriate weekly income level." *Id.* at 362. The trial court was then to start with the overnight parenting time credit for two children, and adjust the amount appropriately. *Id.*

¶ 10 Colorado also uses the income shares model, *see In re Marriage of Nimmo*, 891 P.2d 1002, 1007 (Colo. 1995), and has addressed a similar issue. In *In re Marriage of Wells*, the father had differing visitation schedules with each child. 252 P.3d 1212, 1214 (Colo. App. 2011). The trial court added together two separate child support worksheets to calculate child support. *Id.* On appeal, the court reversed, stating that method "is contrary to the guidelines and schedule, which provide for incremental increases in support for each additional child in a family." *Id.* The court remanded for the trial court to credit "overnight visits with only one of two children by crediting the parent for one-half of an overnight for each visit with the one child." *Id.*

¶ 11 As a final example, Maine uses the income shares model, *see* Me. Rev. Stat. tit. 19-A, §§ 2001–2012, and has addressed a virtually identical issue. In *Lawrence v. Webber*, the parents had three minor children: two sons and one daughter. 894 A.2d 480, 482 ¶ 2 (2006). The daughter lived with the mother full time and the sons split their time equally with the parents. *Id.* at 482 ¶ 4. The trial court calculated child support by adding together two separate worksheets, using "the number of children in each household rather than the total number of children for whom support was being calculated." *Id.* at 482 ¶ 5. This resulted in child support being calculated as if the daughter was an only child and then adding that amount to the worksheet for the two sons. On appeal, the court reversed, stating that method was incorrect because it overstated the costs and resulting obligations of parenting the children. *Id.* at 484 ¶ 14. The court remanded to the trial court to calculate child support using "the total number of children for whom support was being determined when calculating the basic support entitlement." *Id.*

¶ 12 With these cases in mind, as Father argues, the Arizona Guidelines only incre-mentally increase the support obligation as more children are added. A.R.S. § 25–320 Appendix ("Schedule of Basic Support Obligations"). At all income levels, the support obligation is not merely multiplied by the number of children. *Id.* As with the cases in other income shares model states, the Guidelines recognize that adding each child to a household increases costs in an incremental, but not equal, amount. Thus, treating one of three children as an only child and then adding those costs to a two-child household results in an inflated child support obligation. As a result, the child support order in this case was erroneous and is vacated.

■ ¶ 13 The superior court is vested with broad discretion when determining child support. *Nash*, 232 Ariz. at 478 ¶ 16, 307 P.3d 40. On remand, the court should treat all the children as one household and prepare one worksheet. To determine the adjustment for costs associated with parenting time, the court must "first determine the total annual amount of parenting time indicated in a court order or parenting plan or by the expectation or historical practice of the parents" for each child. A.R.S. § 25–320 Appendix § 11. Adding together the total number of parenting time days for each parent for all children and then dividing that total by the number of children yields an average annual amount of parenting time days for use in determining child support under the Guidelines. *Id.* And after determining the child support amount under the Guidelines, the court still retains the discretion to deviate, provided it makes sufficient written findings for doing so. *See* A.R.S. § 25–320 Appendix § 20 (when deviating from Guidelines, court is to make written findings considering "the best interests of the child in determining the amount of a deviation").

## CONCLUSION

¶ 14 The order modifying child support is vacated and the issue remanded for further proceedings consistent with this opinion.