MAINE SUPREME JUDICIAL COURT                                   Reporter of Decisions
Decision:     2017 ME 232
Docket:       BCD-17-102
Argued:       September 14, 2017
Decided:      December 12, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

JAY McLAUGHLIN

v.

EMERA MAINE et al.

SAUFLEY, C.J.

[¶1]  Jay McLaughlin allowed Emera Maine access to certain roads on his property in Greenbush in order to enable Emera and its agents to rebuild an electrical transmission line.  At the conclusion of that work, McLaughlin alleged that his property had been damaged in the process and that Emera had not sufficiently repaired the damage.  McLaughlin filed claims against Emera and its contractor, Hawkeye, LLC, seeking several million dollars in damages at trial.  The court (*Horton, J.*) entered a judgment in the Business and Consumer Docket awarding McLaughlin $66,866.36, including attorney fees and costs.   McLaughlin appealed,  and Emera  and  Hawkeye cross-appealed.  Subject to a modification of the court's award of McLaughlin's attorney fees, we affirm the judgment.

## I. BACKGROUND

[¶2]  In exchange for $31,600, Jay McLaughlin granted Emera temporary rights of access over some of the roads on his approximately 3,200-acre property in Greenbush.  Emera and Hawkeye needed that access in order to rebuild an electrical transmission line that crossed McLaughlin's property. The parties agreed that Emera would be responsible to effectuate any repairs "beyond normal wear and tear" that occurred as a result of the transmission line rebuild.  Hawkeye and a subcontractor completed substantial repair work on McLaughlin's property.  McLaughlin alleged, however, that those repairs were insufficient and that Emera and Hawkeye failed to repair damage to the surrounding land, culverts, roads, trees, and vegetation that Emera and Hawkeye had caused.

[¶3]  McLaughlin filed a complaint against Emera and Hawkeye, alleging breach of contract, negligence, and statutory and common law trespass. Emera filed a cross-claim against Hawkeye seeking indemnification, including attorney fees and costs, pursuant to an indemnification provision in a supplier-of-choice agreement governing their relationship.

[¶4]  McLaughlin's complaint was originally filed in Penobscot County on October 7, 2013.  After a series of delays, the case was transferred to the

Business and Consumer Docket. The record reflects a lengthy discovery period and extremely contentious litigation. The trial consumed eight days. The court took a view of the property. Following trial, the parties filed a total of 184 pages of proposed findings of fact and conclusions of law, including responses.

[¶5] At the conclusion of the trial, the court found that McLaughlin had failed to present sufficient or persuasive evidence regarding the extent of the damages to his property. It entered a judgment in favor of McLaughlin on his complaint against Emera and Hawkeye, jointly and severally, in the amount of $44,866.36 in damages. This amount comprised $20,000 on the breach of contract claim, $22,000 on the negligence claim, and $2,866.36 on the trespass claim pursuant to 14 M.R.S. § 7552 (2016). The court also awarded McLaughlin $20,000 in attorney fees and $2,000 in costs. McLaughlin appealed the judgment. Emera and Hawkeye cross-appealed, arguing that the court erred in its award of attorney fees to McLaughlin because it applied the incorrect version of 14 M.R.S. § 7552.

[¶6] On Emera's indemnification claim against Hawkeye, the court found in favor of Emera in the entire amount of the judgment in favor of McLaughlin, $66,866.36. Indicative of the contentious nature of this litigation,

the court also found that Hawkeye was liable to Emera for attorney fees and costs totaling $409,978.46. Emera and Hawkeye each appealed this award. However, by stipulation of both parties prior to oral argument in this case, those appeals have been dismissed. *See* M.R. App. P. 4(a)(3).

[¶7] Thus, before us are McLaughlin's appeal, in which he asserts that the court erred in its damages findings, in its finding that McLaughlin gave permission for the use and improvement of the spur road on his property, and in its interpretation of 14 M.R.S. § 7551-B (2016); and Emera and Hawkeye's cross-appeal on the attorney fees awarded to McLaughlin.

## II. McLAUGHLIN'S APPEAL

A.    Factual Findings

[¶8] We are unpersuaded on this lengthy record that the trial court's damages findings are in any way erroneous. There is evidence supporting the court's factual findings concerning McLaughlin's damages, and the evidence does not compel different findings. *See Dickens v. Boddy*, 2015 ME 81, ¶ 12, 119 A.3d 722; *Theberge v. Theberge*, 2010 ME 132, ¶ 18, 9 A.3d 809.

[¶9] Similarly, the court's finding that McLaughlin gave permission for the use and improvement of the spur road is supported by ample testimony and other evidence, and the court was free to disbelieve McLaughlin's

testimony that he did not give permission.[1]  *See Theberge*, 2010 ME 132, ¶ 18, 9 A.3d 809.  The trial court's findings are not clearly erroneous.

B.    Statutory Trespass

[¶10]  McLaughlin also asserts that the court misinterpreted 14 M.R.S. § 7551-B when it determined that Hawkeye did not trespass within the meaning of the statute because Hawkeye had permission to enter McLaughlin's property.  By its plain language, section 7551-B(1) applies to "[a] person who intentionally enters the land of another without permission." This statutory language is narrower than common law trespass as defined by the cases cited by McLaughlin, which can apply to a person who intentionally causes a thing or third person to enter land in the possession of another.  *See, e.g.*, *Medeika v. Watts*, 2008 ME 163, ¶ 5, 957 A.2d 980.  Because the court found that McLaughlin failed to prove that Hawkeye entered his land without permission, the court did not err in finding against McLaughlin on his complaint alleging only a statutory trespass claim as to the road in question.[2]

---

[1]  The court had evidence before it relevant to McLaughlin's credibility.  McLaughlin has been convicted of theft by deception (Class C), 17-A M.R.S. § 354 (2016), and one of his businesses was convicted of theft by unauthorized taking (Class B), 17-A M.R.S. § 353 (2016).  As a condition of probation McLaughlin was ordered to disclose his criminal history before entering into any contracts with landowners or wood buyers.

[2]  To the extent that McLaughlin has raised other matters in his appeal, we are unpersuaded.

### III.  EMERA AND HAWKEYE'S APPEAL

[¶11] Finally, Emera and Hawkeye argue that the court erred by applying the new version of 14 M.R.S. § 7552(5) (2016), as amended by P.L. 2015 ch. 241, § 4 (effective October 15, 2015), in awarding $20,000 in attorney fees to McLaughlin, rather than applying the earlier version of 14 M.R.S. § 7552(5) (2014), which limited the amount recoverable for professional fees to fifty percent of the amount recovered in damages pursuant to that statute.  McLaughlin concedes that the court applied the incorrect version of the statute because his claim arose in 2012 at the latest, and his complaint was filed in 2013.  Thus, the attorney fee award is limited to fifty percent of the section 7552 damages of $2,866.36.

[¶12]  Because we affirm the court's award of damages pursuant to section 7552, we modify the court's judgment by reducing the award of McLaughlin's attorney fees from $20,000 to $1,433.18.

The entry is:

> Judgment modified by reducing the award of McLaughlin's attorney fees from $20,000 to $1,433.18.  As modified, judgment affirmed.

Joseph L. Ferris, Esq., and Mariann Z. Malay, Esq., Gross, Minsky & Mogul, P.A., Bangor, and N. Laurence Willey, Jr., Esq. (orally), Willey Law Offices, Bangor, for appellant Jay McLaughlin

Jeffrey T. Edwards, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, Portland, and Myles W. McDonough, Esq. (orally), and Ryan B. MacDonald, Esq., Sloane and Walsh, LLP, Boston, Massachusetts, for appellees Emera Maine and Hawkeye, LLC

Business and Consumer Docket docket number CV-2015-14
FOR CLERK REFERENCE ONLY