MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2021 ME 59
Docket:         Ken-21-83
Submitted
  On Briefs:    October 20, 2021
Decided:        November 23, 2021

Panel:          MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

ANNALEE R. BLOOM

v.

LAWRENCE P. BLOOM

GORMAN, J.

[¶1]  Lawrence P. Bloom appeals from a divorce judgment issued in the District Court (Waterville, *Montgomery, J.*) on Annalee R. Bloom's complaint. Lawrence challenges the court's decision as to child support, spousal support, and the distribution of marital property.  We vacate the judgment as to child support and affirm in all other respects.

[¶2]  Annalee and Lawrence were married in 1996 and have two children. Annalee instituted this divorce action on January 22, 2019.  At the time, their older child was seventeen years old and their younger child was fifteen years old.

[¶3]   After a three-day testimonial hearing, by a judgment dated September 21, 2020, the court awarded the parties shared parental rights and

2

responsibilities of the younger child with primary residence of the child to Lawrence. By then, the older child was eighteen years old and had graduated from high school, and the younger child was seventeen years old.

[¶4] As to child support, the court initially calculated the parties' basic weekly support obligation only as to the younger child, given that the older child was eighteen years old and had graduated from high school, and therefore was no longer a proper subject of child support. *See* 19-A M.R.S. § 2006(11) (2021) (providing that the child support guidelines may only be used for "a child between 18 and 19 years of age" when that child "is attending a secondary school"); 19-A M.R.S. § 1653(8)(A), (12)(A) (2021). The court used the basic weekly support obligation of $264 as set out in the child support table for parents of one child earning a combined annual gross income of $120,000 per year.[1] *See* 10-144 C.M.R. ch. 351, ch. 6, § 2 (effective July 29, 2016); 19-A M.R.S. § 2006(1); *Foley v. Ziegler*, 2007 ME 127, ¶ 9, 931 A.2d 498. To that, the court added the cost of the younger child's health insurance; divided that amount in half based on the parents' equal incomes; and then deducted the health insurance cost paid by Annalee, arriving at the total weekly support due of $118

---

[1] Contrary to Lawrence's contentions, the court's calculation of both parties' incomes was supported by competent record evidence. *See* 19-A M.R.S. § 2001(5)(A), (D) (2021); *Ehret v. Ehret*, 2016 ME 43, ¶ 14, 135 A.3d 101.

to be paid to Lawrence as the parent providing primary residential care. *See* 19-A M.R.S. § 2006(3)-(4); *Foley*, 2007 ME 127, ¶ 9, 931 A.2d 498. The court then reduced that amount by $18 (a 15% downward deviation) based on Annalee's payment of "a considerable portion of the child's regular expenses (i.e., for clothing, test fees, haircuts, shoes, and extracurricular expenses)," ultimately ordering Annalee to pay child support of $100 per week to Lawrence as primary caregiver for the younger child.[2] *See* 19-A M.R.S. § 2007 (2021); *Sullivan v. George*, 2018 ME 115, ¶ 14, 191 A.3d 1168. Both parties filed timely post-judgment motions.

[¶5] Five months later, on March 1, 2021, the court issued an amended divorce judgment and additional findings in response to Annalee's motion. The older child was nineteen by then, and the younger child was still seventeen years old. Notwithstanding that the parties' older child was not a proper subject of prospective child support, in the amended child support worksheet, the court listed both children and used the basic support obligation from the child support table that applies for parents of two children rather than one—a weekly support obligation of $188 per child rather than the $264 that applies

---

[2] No "plain and unmistakable injustice" is suggested by the court's award of a downward deviation to Annalee based on her payment of a greater portion of the expenses of the younger child, for whom Lawrence is the primary caretaker. *Sullivan v. George*, 2018 ME 115, ¶ 12, 191 A.3d 1168.

4

when only one child is at issue. *See* 19-A M.R.S. § 2006(1), (11); 10-144 C.M.R. ch. 351, ch. 6, § 2. Then, despite using the amount from the child support table for two children—a lower number because support will be awarded to more than one child—the court applied that amount only as to the younger child. To that incorrect number, the court added the cost of health insurance for *both* children, yielding a total weekly support obligation of $241. The court divided that amount in half to reflect each parent's equal share of the obligation and then deducted Annalee's payment of *both* children's health insurance costs, yielding a child support amount of $68 due to Lawrence. The court then factored in the same 15% downward deviation, reducing Annalee's weekly child support obligation to $58, and it imposed that obligation retroactive to January 25, 2019.[3] Using that start date, the court calculated that Lawrence had been overpaid by $6,797 in child support; granted Annalee a "[j]udgment" in that amount; and then ordered that that amount would be paid by Lawrence— first through a weekly $40 offset against Annalee's child support obligation and

---

[3] The significance of the January 25, 2019, date is unclear from the court's findings or the record. It is close to—but not the same as—the date on which Annalee instituted the divorce proceedings (the complaint was filed on January 22, 2019).

then, when her obligation to pay child support ended, through $100-per-week payments. Lawrence appeals.

[¶6] We address only Lawrence's argument regarding child support.[4] We review the factual findings underlying a child support award for clear error; the award itself, including a decision to award a downward deviation, for an abuse of discretion; and questions of statutory interpretation de novo. *Lawrence v. Webber*, 2006 ME 36, ¶ 6, 894 A.2d 480; *Sullivan*, 2018 ME 115, ¶ 12, 191 A.3d 1168; *Akers v. Akers*, 2012 ME 75, ¶ 2, 44 A.3d 311.

[¶7] We agree with Lawrence that the court's child support determination in the amended judgment must be corrected. The child support worksheets and orders contain multiple errors:

- The court failed to distinguish between the periods of time when the parents were obliged to support two children and when they were obliged to support only one child;

- When creating an order that reflected Annalee's child support obligation for one child, the court used the two-child basic support obligation from the child support table and included the cost of health insurance for the older child's health insurance in its calculations; and

- The court applied its erroneous support obligation as to one child retroactively to a time when both children were properly the subject of child support.

---

[4] Lawrence's other arguments are not persuasive, and we do not address them further.

6

[¶8]  Because there were different numbers of children to be supported at different times during the pendency of this case, the court should have calculated child support separately for the different periods of time.  In addition, because the court made no findings as to whether one parent provided primary residential care for the older child before she "aged out" of the child support equation, or whether the parties provided substantially equal care, we cannot fix this arithmetic error.  *See* 19-A M.R.S. §§ 2001(7), (8-A), 2006(4), (5)(E), (11) (2021).

[¶9]  Given these errors, we must vacate the amended child support order and remand the matter to the District Court so that the court can make findings regarding the parents' obligations for the older child in order to properly calculate child support retroactively as to her.  Then, for the period during which the parents were obliged to support both children, the court will have to create a child support worksheet—or worksheets, depending on its findings— to reflect the parties' respective obligations.  *See* 19-A M.R.S. § 2006(4), (5)(E).

[¶10]  For the period after the earlier of the older child's high school graduation or nineteenth birthday, the court must calculate child support *based on the younger child alone* using the one-child basic support obligation in the child support table and the cost of health insurance for that one child, as it did

in the initial divorce judgment. *See* 19-A M.R.S. § 2006(1)-(4), (11). Annalee will be obliged to make those payments until the earlier of the younger child's high school graduation or his nineteenth birthday. *See* 19-A M.R.S. § 2006(11).

[¶11] After the court has made the necessary findings and created accurate child support worksheets, it must address any corresponding overpayment and setoff provisions that are necessary. We note that this divorce has had an extremely protracted history in the District Court and direct that the findings and recalculations be made as quickly as possible.

The entry is:

> Judgment vacated as to child support and affirmed in all other respects. Remanded for further proceedings consistent with this opinion.

---

Lawrence P. Bloom, appellant pro se

Verne E. Paradie, Jr., Esq., Lewiston, for appellee Annalee R. Bloom

Waterville District Court docket number FM-2019-14
FOR CLERK REFERENCE ONLY