MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2023 ME 53
Docket:         Han-22-357
Submitted
  On Briefs:    April 19, 2023
Decided:        August 15, 2023

Panel:          STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

BONNIE J. (MCCARTHY-GUBER) MCCARTHY

v.

JACOB I. GUBER

STANFILL, C.J.

[¶1]   Jacob I. Guber appeals from the District Court's (Ellsworth, *David Mitchell, J.*) divorce judgment.  Guber argues the court erred in calculating past child support by failing to account for changes in the parties' incomes and child care costs, to use the substantially-equal-care calculation, and to provide Guber with a downward deviation from the child support guidelines.  Guber also argues the court erred in calculating his future child support obligation by excluding his child care costs.  We agree that the court erred in its calculation of past and future support and therefore vacate the court's child support order and remand for further proceedings.

## I. BACKGROUND

[¶2] The following facts, which are supported by the evidence, are drawn from the procedural record and the court's findings of fact in the divorce judgment. *See Sulikowski v. Sulikowski*, 2019 ME 143, ¶¶ 2, 11, 216 A.3d 893. Guber and Bonnie J. (McCarthy-Guber) McCarthy were married in 2017. In November 2019, McCarthy filed a divorce complaint based on irreconcilable marital differences. The parties have one child together and had informally agreed to equally split their time with the child pending the final divorce judgment.

[¶3] In March 2020, McCarthy moved for an interim hearing to address child support. Using the calculation applicable when the parties provide substantially equal care for the child, *see* 19-A M.R.S. § 2006(5)(D-1) (2023), she proposed an interim order requiring Guber to pay $191.33 per week in child support. Guber opposed any interim order because he was unemployed at the time and unsure when he could resume gainful employment. The court (*Laskey*, *M.*) denied McCarthy's motion for a child support hearing under the COVID-19 pandemic emergency protocols then in effect. Guber voluntarily paid a total of $800 toward child support while the divorce was pending.

[¶4]  Throughout the case, the parties filed multiple child support affidavits.  McCarthy's affidavits stated that she expected to earn $5,000 in 2019, $18,720 in 2020, and $25,000 in 2022, with weekly child care costs of $108 in 2022.  Guber filed an affidavit in 2020 indicating he expected to earn $162,922.98 that year, with weekly child care costs of $377.50.  In 2022, Guber filed an updated affidavit stating he expected to earn $117,000 that year, with weekly child care costs of $80.

[¶5]  The court (*David Mitchell, J.*) held a contested hearing on June 14 and 15, 2022.  The parties submitted proposed divorce judgments at the hearing.  Guber's proposed judgment acknowledged that he owed past support and suggested that the court use the substantially-equal-care calculation to calculate past support and apply a fifty percent downward deviation to his past support obligation.  Guber further suggested that the court calculate future child support with him as the primary care provider.

[¶6] McCarthy's proposed judgment suggested that Guber owed her past child support.  She also asked that the court order Guber to pay her future child support.  She incorporated two child support orders and attached worksheets. The first child support order calculated Guber's past support obligation based on the parties' providing substantially equal care for the child.  The second child

4

support order addressed Guber's support obligation after June 17, 2022, calculating his obligation as though McCarthy was the primary care provider.

[¶7] The court's divorce judgment, entered on July 7, 2022, awarded primary residence to McCarthy and ordered Guber to pay $319 per week in child support to McCarthy starting October 25, 2019, which was the first Friday after service of the divorce complaint.

[¶8] On July 20, 2022, Guber moved for a new trial and to alter or amend the judgment, *see* M.R. Civ. P. 59(a), (e), asserting that in awarding past support, the court should have considered that the parties shared equal time with the child and that their incomes and child care costs fluctuated during the pendency of the divorce proceeding. He argued that the court should have used the substantially-equal-care calculation and applied a downward deviation to his past child support obligation. Additionally, Guber asserted that the court ignored his child care costs in calculating his future child support obligation. The next day, Guber moved for further findings of fact and conclusions of law, *see* M.R. Civ. P. 52(b), concerning the same issues and making similar arguments.

[¶9] The court denied Guber's motions, explaining that "[i]n deciding whether to make a support order retroactive, [the] court is under no obligation

to compute what a support obligation would be at various times during the pendency of the case," adding that it would not have made a substantial difference in any event. Guber timely appealed. 14 M.R.S. § 1901(1) (2023); M.R. App. P. 2B(c)(2).

## II. DISCUSSION

[¶10] We review the court's child support award for an abuse of discretion and the court's underlying factual findings for clear error. *See Bloom v. Bloom*, 2021 ME 59, ¶ 6, 263 A.3d 491. We review for an abuse of discretion the denial of a motion for further findings of fact. *Klein v. Klein*, 2019 ME 85, ¶ 5, 208 A.3d 802; *see Ehret v. Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101 (explaining that when a court denies a motion for further findings of fact, we cannot infer any findings the court did not expressly include in its judgment). We review de novo questions of statutory interpretation. *Bloom*, 2021 ME 59, ¶ 6, 263 A.3d 491.

## A. Guber's Past Child Support Obligation

[¶11] "Child support in Maine is governed by statute." *Bouchard v. Frost*, 2004 ME 9, ¶ 14, 840 A.2d 109. The child support statute permits courts to award both past and future child support. 19-A M.R.S. § 2006. "[T]here is a rebuttable presumption that the parental support obligation derived from the

support guidelines is the amount ordered to be paid, unless support is established under 2006, subsection 5 or 2007." 19-A M.R.S. § 2005 (2023). Section 2006(5) governs special circumstances, including when the parties provide substantially equal care for the child. *See* 19-A M.R.S. § 2006(5)(D-1). Section 2007 lists the criteria for deviating from the guidelines, including when the application of the guidelines would be unjust or inappropriate. *See* 19-A M.R.S. § 2007(3)(A) (2023).

[¶12] Here, the court applied the guidelines to determine Guber's future child support obligation. The court's findings on child support are contained in the child support worksheet and order that were incorporated in the divorce judgment, which does not explain the court's findings in greater detail. The court found that McCarthy's annual income was $25,000 and that Guber's annual income was $124,565. The court also found that McCarthy incurred $108 in weekly child care costs and that Guber incurred no child care costs. Applying the guidelines to these findings, the court concluded that Guber's future child support obligation would be $319 per week. The court then ordered that Guber's child support obligation would be "retroactive" to the first Friday following the date of service of the divorce complaint.

[¶13] "Retroactive" support is separate and distinguishable from an award of "past support" under the child support statutes. "Retroactive support" is awarded when an existing child support order is modified and the modification applies retroactively. *See* 19-A M.R.S. § 2009(2) (2023) ("Child support orders may be modified retroactively but only from the date that notice of a petition for modification has been served upon the opposing party, pursuant to the Maine Rules of Civil Procedure."); *see, e.g.*, *Holbrook v. Holbrook*, 2009 ME 80, ¶¶ 5, 23, 976 A.2d 990. In contrast, "past support" is awarded when a newly issued child support order awards support during a prior period not previously governed by any child support order. *See* 19-A M.R.S. § 2006(2). When modifying an existing award under section 2009, a court may decide that the modification should be retroactive, meaning that it should start before the date of the amended judgment. *See* 19-A M.R.S. § 2009(2). In making that decision, the court may consider, inter alia, when the factors that led to the modified award arose. In this context, we have stated that "[r]etroactivity of a [child] support award is within the broad discretion of the court." *Nicholson v. Nicholson*, 2000 ME 12, ¶ 9, 747 A.2d 588; *see Levasseur v. Levasseur*, 2010 ME 5, ¶ 6, 987 A.2d 528; *Holbrook*, 2009 ME 80, ¶ 23, 976 A.2d 990; *Finn v. Finn*, 517 A.2d 317, 319 (Me. 1986); *see also Wood v. Wood*, 407 A.2d 282, 286-88

8

(Me. 1979) (addressing the issue of retroactive modification before the legislature adopted section 2009(2)).

[¶14] Here, however, the court issued a child support order for the first time as part of the divorce judgment. Accordingly, without an existing child support order to modify, the retroactivity language of section 2009(2) does not apply to Guber's child support obligation.

[¶15] Instead, the issue before the court was a request for "past support." Although the award of past support involves many discretionary decisions, the method by which it is calculated does not. Courts are required to calculate past support "by applying the current support guidelines to the period for which past support is owed." 19-A M.R.S. § 2006(2); *see also* 19-A M.R.S. § 1653(8) (2023) (providing that in a parent's action for child support under 19-A M.R.S. § 1654 (2023), "the court may require the child's nonprimary care provider to pay past support," the determination of which must comply with chapter 63, including section 2006(2)); 19-A M.R.S. § 2103(6) (2023) (explaining that in enforcement actions brought by the Department of Health and Human Services, the "obligation for past support due is established by application of the most current child support scale to the responsible parent's income for the time period in which the applicant was entitled to support payments and may

include reimbursement for past medical expenses"). This means that the court must first determine the parties' incomes and child care costs, as well as any health insurance costs or extraordinary medical expenses, for the past-support period.[1] *See* 19-A M.R.S. § 2006. Then, the court must apply the child support guidelines—including whether support should be based on substantially equal care and whether a deviation is justified—to those findings to determine the past child support obligation for a given period. *See* 19-A M.R.S. §§ 2005, 2006, 2007; *see also Sullivan v. Doe*, 2014 ME 109, ¶¶ 24-30, 100 A.3d 171.

[¶16] We therefore conclude that the court erred as a matter of law by stating it was "under no obligation to compute what a support obligation would be at various times during the pendency of the case"; section 2006(2) provides to the contrary. An award of past support requires one or more such calculations for the period for which past support is awarded.[2] *See* 19-A M.R.S. § 2006(2). Because we conclude that the court erred, we vacate the court's award of past child support and remand for further proceedings.

---

[1] Here, there was evidence in the record concerning the past-support period: the parties filed multiple child support affidavits reflecting their incomes and child care costs at various times, and testimony during the hearing touched on the parties' incomes and child care costs during those times.

[2] We recognize that this process may result in multiple calculations and child support orders for differing periods, particularly in a case such as this where the parties' incomes fluctuated over several years of pre-judgment separation.

[¶17]  While considering the past-support period on remand, the court should determine whether the substantially-equal-care calculation is applicable and whether any downward deviation is warranted.  *See, e.g.*, *Pratt v. Sidney*, 2009 ME 28, ¶ 11, 967 A.2d 685 (specifying that a substantially-equal-care determination requires a detailed inquiry into an array of factors); *Nicholson*, 2000 ME 12, ¶ 9, 747 A.2d 588 (explaining that "[t]he party seeking to have the court deviate from the guidelines has the burden to overcome the presumption" that the obligation derived from the guidelines is the proper amount).  The court must also account for Guber's $800 payment toward child support.  *See Bloom*, 2021 ME 59, ¶ 11, 263 A.3d 491 (demonstrating that courts must account for any payments that a party already made toward child support when determining the amount of support owed at the time the court enters its judgment); *see also Nadeau v. Nadeau*, 2008 ME 147, ¶ 57, 957 A.2d 108.

## B.     Guber's Future Child Support Obligation

[¶18]  The child support statute requires courts to add child care costs to the basic support entitlement to determine the total basic support obligation.  19-A M.R.S. § 2006(3).  Here, the undisputed evidence was that Guber had $80 in weekly child care costs.  The court's award of future child support, however,

excluded Guber's child care costs from the child support worksheet and order. Although there may be reasons why the court chose to exclude Guber's child care costs, this exclusion was not supported by the court's express findings. *See Ehret*, 2016 ME 43, ¶ 9, 135 A.3d 101 (indicating that the "court must ensure that the judgment is supported by express factual findings that are based on record evidence, are sufficient to support the result, and are sufficient to inform the parties and any reviewing court of the basis for the decision").

[¶19]  Because we cannot infer why the court dispensed with Guber's child care costs, we vacate the court's child support order and remand so that the court can correct its factual error or make further findings of fact and conclusions of law supporting the exclusion of Guber's claimed child care costs.

The entry is:

> Judgment as to child support vacated.  Judgment affirmed in all other respects.  Remanded for further proceedings consistent with this opinion.

Laura P. Shaw, Esq., Dirigo Law Group LLP, Camden, for appellant Jacob I. Guber

Rosemarie Giosia, Esq., Ellsworth, for appellee Bonnie J. McCarthy