MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2025 ME 53
Docket:         Ken-24-499
Submitted
  On Briefs:    May 21, 2025
Decided:        June 24, 2025

Panel:          MEAD, HORTON, CONNORS, LAWRENCE, DOUGLAS, and LIPEZ, JJ.

AUSTIN M. SEELEY

v.

KIARA SHORT

HORTON, J.

[¶1]  Austin M. Seeley, the father of a child with Kiara Short, appeals from a judgment of the District Court (Augusta, *Daniel Mitchell, J.*) determining parental rights and responsibilities as between Seeley and Short.  Because of a clerical error in the calculation of prospective child support, we vacate the judgment in part and remand for the trial court to enter a corrected child support order.  In all other respects, we affirm the judgment.[1]

[¶2]  On April 20, 2023, Seeley filed a complaint seeking a determination of the parties' parental rights and responsibilities.  Through mediation in July

---

[1] Although Seeley challenges other aspects of the judgment, we discern no other error or abuse of discretion and decline to address the challenges further.

2023, the parties reached an interim agreement for the child to reside primarily with Short, with Seeley having the child in his home every other weekend.

[¶3]  After a trial held on February 2, 2024, the court entered a judgment on October 16, 2024, finding that it was in the child's best interest for Short to continue to have primary residence and for Seeley to continue to have contact with the child every other weekend, with specific provisions for vacations and holidays.  The court used a single child support worksheet to apply the child support guidelines and determine both past and prospective child support obligations.  *See* 19-A M.R.S. § 2006 (2025).  Through the worksheet, the court calculated a total parental weekly support obligation of $209.  Using the parents' adjusted gross incomes to determine the parents' proportionate obligations, the court determined that Short was responsible for directly spending $22.66 per week in child support and that Seeley was obligated to pay Short $183.34 per week.  *See id.* § 2006(1)-(4).

[¶4]  Using the $183.34 figure, the court ordered Seeley to pay Short $6,600 for thirty-six weeks of past child support.  In its prospective child support order, establishing the amount to be paid beginning on October 25, 2024, the court used the same worksheet but ordered Seeley to pay Short $206 per week.  This amount is inconsistent with both the parents' total

$209 weekly support obligation and Seeley's proportion of that obligation. *See id.* § 2006(1), (3)-(4). Seeley timely appealed. *See* 19-A M.R.S. § 104 (2025); M.R. App. P. 2B(c)(1).

[¶5] We review the court's award of child support for an abuse of discretion. *McCarthy v. Guber*, 2023 ME 53, ¶ 10, 300 A.3d 804. Part of that analysis requires us to review the court's application of law. *See Sullivan v. George*, 2018 ME 115, ¶ 13, 191 A.3d 1168.

[¶6] Here, the court appropriately calculated the *past* support obligation by determining the parents' total weekly obligation and calculating Seeley's proportionate share of that obligation. *See* 19-A M.R.S. § 2006(1)-(4). However, in its order for prospective child support, the court did not order Seeley to pay only his share of the obligation but instead ordered him to pay an amount nearly equal to the parents' total weekly support obligation. *See id.* § 2006(1), (3)-(4). We remand with instructions to the court to correct the error by issuing an amended child support order effective retroactively to October 25, 2024.[2]

---

[2] Our mandate requires only that the court reduce to $183.34 per week Seeley's child support obligation for the period beginning on October 25, 2024. If any overpayment has been made—meaning that Seeley has already paid the required $6,600 in past support and is current in paying ongoing support at the incorrect rate—the parties may agree to a method for Seeley to recoup the overpayment. Should any further order be necessary to enforce the terms of the child support order as modified, the court must use the $183.34-per-week figure in calculating the child support obligation from October 25, 2024, forward.

The entry is:

> Child support order vacated as to Seeley's prospective child support obligation. Remanded for the court to enter a corrected order requiring Seeley to pay child support of $183.34 per week prospectively and retroactively to October 25, 2024. In all other respects, judgment affirmed.

———————————

Austin M. Seeley, appellant pro se

Kiara Short, appellee pro se

Augusta District Court docket number FM-2023-120
FOR CLERK REFERENCE ONLY